UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTEL, INC., :

                    Plaintiff, :

      - against - :      20 Civ.

THE ENTITIES DOING BUSINESS :
AS GOODMENOW AT THE URL
GOODMENOW.COM, THE ENTITIES :
DOING BUSINESS AS
MEETGOODTIMES AT THE URL :
MEETGOODTIMES.COM,
THE ENTITIES DOING BUSINESS AS :
FEELITNICE AT THE URL
FEELITNICE.COM, THE ENTITIES :
DOING BUSINESS AS THE PAYPAL
MERCHANT YOKAWA NETWORK :
LIMITED, JOHN DOE NOS. 1-5, AND
ABC ENTITY NOS. 1-5, :

                  Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT AND JURY DEMAND

Plaintiff Mattel, Inc. ("Mattel"), for its complaint against the entities doing business as GoodMeNow at the URL goodmenow.com ("GoodMeNow"), the entities doing business as MeetGoodTimes at the URL meetgoodtimes.com ("MeetGoodTimes"), the entities doing business as FeelItNice at the URL feelitnice.com ("FeelItNice"), the entities doing business as the PayPal, Inc. ("PayPal") merchant Yokawa Network Limited ("Yokawa"), John Doe Nos. 1-5 and ABC Entity Nos. 1-5, (collectively, "Defendants") alleges:

### Nature of the Action

1.    Mattel is bringing this action because Defendants have infringed Mattel's registered trademarks 689,055 and 3,287,023 for its BARBIE® mark and Mattel's registered copyright VA 945-179 for the "CEO BARBIE®" doll sculpture.

## Jurisdiction and Venue

2. The Court has subject matter jurisdiction over Mattel's claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because those claims arise under the laws of the United States.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

4. The Court has personal jurisdiction over the Defendants pursuant to New York CPLR § 302(a)(1) because they have contracted to supply goods in this State, or shipped goods into this State, from which the present claims arise.

## The Parties to this Action

5. Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

6. Upon information and belief, GoodMeNow is an entity, or group of entities, whose place of organization and principal place of business are currently unknown but are, upon information and belief, outside the State of New York.

7. Upon information and belief, MeetGoodTimes is an entity, or group of entities, whose place of organization and principal place of business are currently unknown but is, upon information and belief, outside the State of New York.

8. Upon information and belief, FeelItNice is an entity, or group of entities, whose place of organization and principal place of business are currently unknown but are, upon information and belief, outside the State of New York.

9. Upon information and belief, Yokawa is an entity, or group of entities, whose place of organization and principal place of business are currently unknown but are, upon information and belief, outside the State of New York.

10. Upon information and belief, John Doe Nos. 1-5 are natural persons who are associates of GoodMeNow, MeetGoodTimes, FeelItNice, and/or Yokawa, whose identity and residence are unknown to us, but are, upon information and belief, outside the State of New York.

11. Upon information and belief, ABC Entity Nos. 1-5 are entities who are associates of GoodMeNow, MeetGoodTimes, FeelItNice, and/or Yokawa, whose state or country of incorporation or organization are unknown to us, but are, upon information and belief, outside the State of New York.

## Background of this Action

### A. Mattel's BARBIE® Products

12. Mattel, with its family of companies, manufactures consumer products and is one of the world's most successful manufacturers and marketers of toys, games, and playthings.

13. Mattel manufactures, among other things, dolls which it advertises and distributes using the mark BARBIE®.

### B. Mattel's Ownership of the BARBIE® Mark

14. The BARBIE® mark is registered on the Principal Register of the U.S. Patent & Trademark Office as U.S. Trademark Registration No. 689,055 for "dolls," and U.S. Trademark Registration No. 3,287,023 for "FULL LINE OF DOLLS, DOLL CLOTHING AND DOLL ACCESSORIES" (jointly, the BARBIE® Registrations). A true and correct copy of the BARBIE® Registrations are attached as Exhibit A and Exhibit B. The BARBIE® Registrations are valid and subsisting. Mattel owns the BARBIE® Registrations. A true and correct copy of the BARBIE® Registrations are attached as Exhibit A and Exhibit B.

15. Mattel has used the mark BARBIE® in connection with the sale of dolls in

interstate commerce since at least as early as 1960. Mattel's rights in the BARBIE® mark are valid and subsisting.

16. The BARBIE® mark is inherently distinctive, and its intrinsic nature serves to identify Mattel as the source of the goods.

17. Upon information and belief, the BARBIE® mark is famous throughout the United States, and the general public recognizes the BARBIE® mark as indicating Mattel as the source of the products.

18. Upon information and belief, the general public associates the BARBIE® mark with high quality, distinguishing Mattel's products from those of its competitors.

C.  Mattel's Ownership of the Copyright in the CEO BARBIE® Doll

19. Mattel's BARBIE® dolls contain original sculptural elements. One of Mattel's original doll sculptures is the CEO BARBIE® doll sculpture (the "CEO BARBIE® Doll Sculpture").

20. Mattel is the author of the CEO BARBIE® Doll Sculpture, and has at all times been the sole owner of all right, title and interest in the copyright in it.

21. Mattel registered the copyright in the CEO BARBIE® Doll Sculpture with the United States Copyright Office. On or about April 1, 1999, Mattel received for this work United States Copyright Registration Number VA 945-179, which is valid and enforceable. A copy of Copyright Registration Number VA 945-179 is attached as Exhibit C, and a copy of the copyright deposit is attached as Exhibit D.

D.  Defendants' Infringing Activities

22. Upon information and belief, Defendants are engaged in the sale and distribution of dolls.

23. Upon information and belief, Defendants used "BARBIE," as a mark in

connection with dolls, in interstate and international commerce, after Mattel first used the mark in commerce.

24. Mattel has not licensed, or otherwise authorized, Defendants to use Mattel's BARBIE® mark.

25. Upon information and belief, Defendants' infringement of the BARBIE® mark was intentional and/or reckless.

26. Upon information and belief, Defendants reproduced and publicly displayed photographs of the CEO BARBIE® Doll Sculpture without authorization, in connection with their advertisements and sales.

27. Mattel has not licensed, or otherwise authorized, Defendants to reproduce, and/or publicly display, photographs of the CEO BARBIE® Doll Sculpture.

28. Upon information and belief, Defendants' infringement of the copyright in the CEO BARBIE® Doll Sculpture was intentional and/or reckless.

## A FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114(1)(a))

29. Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 28 above as if fully stated herein.

30. The BARBIE® mark is valid and enforceable.

31. The BARBIE® Registrations are valid and enforceable.

32. Mattel did not consent to Defendants' use of the BARBIE® mark in connection with the sale of dolls or otherwise.

33. Defendants' use of "BARBIE," in connection with the sale of their dolls is identical to the BARBIE® mark.

34. Defendants' use in commerce of "BARBIE" for dolls is likely to cause confusion

as to the source or sponsorship of Defendants' products, and to deceive purchasers as to the affiliation, connection, or association of Mattel with those products.

35. Upon information and belief, at the time Defendants began using "BARBIE," Defendants knew of (i) Mattel's ownership of the BARBIE® mark, and (ii) the valuable goodwill and reputation of the BARBIE® mark.

36. Defendants' acts constitute an infringement of Mattel's BARBIE® mark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

37. As a direct and proximate result of Defendants' infringing acts, Mattel has suffered and will continue to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use "BARBIE," and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of trademark infringement.

38. Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from its infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

39. Because of the willful nature of Defendants' infringing acts, Mattel is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

40. Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

### A SECOND CLAIM FOR RELIEF
(Trademark Counterfeiting Under 15 U.S.C. § 1116(d)(1))

41. Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 40 above as if fully stated herein.

42. Defendants have infringed Mattel's BARBIE® mark through the use of counterfeit marks within the meaning of 15 U.S.C. § 1116(d)(1)(B).

43. Defendants intentionally used a counterfeit of Mattel's BARBIE® mark.

44. As a result of Defendants' intentional use of counterfeits of Mattel's BARBIE®, mark, Mattel is entitled pursuant to 15 U.S.C. § 1117(b) to recover treble its damages or treble Defendants' profits from the sale of their "BARBIE" products.

45. Alternatively, as a result of Defendants' intentional use of a counterfeit of Mattel's BARBIE® mark, Mattel is entitled to statutory damages of not less than $1,000, but not more than $2,000,000, pursuant to 15 U.S.C. § 1117(c).

46. Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(b).

## A THIRD CLAIM FOR RELIEF
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

47. Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 46 above as if fully stated herein.

48. Defendants' actions with respect to their marketing and selling "BARBIE" products constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

49. Defendants' use of the term "BARBIE" functions to falsely identify the source of their dolls.

50. As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered, and continues to suffer, damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use the BARBIE® mark and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and

attorneys, and all persons acting in concert with any of them, from engaging in further acts of false designation of origin.

51.     Mattel is also entitled to recover from Defendants the actual damages Mattel sustained as a result of Defendants' infringing acts, and/or Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

52.     Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an award of treble damages or treble profits pursuant to 15 U.S.C. § 1117(a).

53.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## A FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution Under 15 U.S.C. § 1125(c))

54.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 53 as if fully stated herein.

55.     The BARBIE® mark is inherently distinctive and has acquired distinction through long, continuous, and exclusive use for the BARBIE® products and related items.

56.     Mattel has promoted BARBIE® products throughout the United States and worldwide under its BARBIE® mark. As a result of such promotion and national recognition, Mattel's BARBIE® mark has become recognized nationally and internationally as the goods of Mattel.

57.     Mattel's BARBIE® mark is famous within the meaning of 15 U.S.C. § 1125(c).

58.     Defendants' activities in commerce were conducted with full recognition of Mattel's worldwide use of its BARBIE® mark and commenced after the mark had become famous. Such activities have diluted, and will continue to dilute, the distinctive quality of

Mattel's BARBIE® mark by lessening the trademark's capacity to identify and distinguish Mattel's goods and by tarnishing the trademark in violation of 15 U.S.C. § 1125(c)(1).

59. As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered and continues to suffer dilution of the distinctive quality and the tarnishing of the BARBIE® mark. Defendants will continue, unless restrained, to use Mattel's BARBIE® mark and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, under 15 U.S.C. §§ 1125(c)(1) and 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of dilution.

60. Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

61. Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117(a).

62. Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

### A FIFTH CLAIM FOR RELIEF
(Infringement of the CEO BARBIE® Doll Sculpture Copyright Under 17 U.S.C. §§ 106, 501)

63. Mattel incorporates by reference each allegation contained in paragraphs 1 through 62 above as if fully stated herein.

64. Mattel owns the copyright in the CEO BARBIE® Doll Sculpture, and the CEO BARBIE® Doll Sculpture Registration, which are valid and enforceable.

65. Defendants infringed the copyright registered in the CEO BARBIE® Doll Sculpture in at least the following ways.

66. Defendants infringed the copyright in the CEO BARBIE® Doll Sculpture by

reproducing photographs of the CEO BARBIE® Doll Sculpture in violation of 17 U.S.C. § 106(1).

67. Defendants infringed the copyright in the CEO BARBIE® Doll Sculpture by publicly displaying photographs containing the CEO BARBIE® Doll Sculpture in violation of 17 U.S.C. § 106(5).

68. Defendants' use of the copyright in the CEO BARBIE® Doll Sculpture is not a "fair use" within the meaning of 17 U.S.C. § 107 because, among other reasons, Defendants' use (a) is for a commercial purpose and (b) impairs Mattel's market for that copyright.

69. Upon information and belief, Defendants' foregoing acts of infringement were willful and/or in reckless disregard to Mattel's rights.

70. As a direct result of Defendants' infringements of the copyright in the CEO BARBIE® Doll Sculpture, Mattel is entitled, pursuant to 17 U.S.C. § 504(b), to its damages and/or Defendants' profits from the infringements.

71. Alternatively, Mattel is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the copyright in the CEO BARBIE® Doll Sculpture.

WHEREFORE, Mattel demands judgment:

1. Finding that Defendants violated Mattel's trademark rights under 15 U.S.C. § 1114, 15 U.S.C. § 1116(d)(1), 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c)(1);

2. Finding that Defendants violated Mattel's copyright rights under 17 U.S.C. § 106;

3. Enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, preliminarily during the pendency of this action and permanently thereafter, from:

   a. Manufacturing, transporting, promoting, importing, advertising,

publicizing, distributing, offering for sale, or selling any goods under Mattel's BARBIE® mark, or any other mark, name, symbol, or logo that incorporates or is confusingly similar to Mattel's BARBIE® mark;

b. Selling any product in connection with a counterfeit of Mattel's BARBIE® mark;

c. Falsely designating Mattel as the source of their goods, falsely implying that Mattel endorsed Defendants' goods, or engaging in any act which constitutes an unfair method of competition with Mattel and from otherwise interfering with, or injuring, Mattel's BARBIE® mark or the goodwill associated with it;

d. Engaging in any act which dilutes the distinctive quality of Mattel's BARBIE® mark; and

e. Infringing the copyright in the CEO BARBIE® Doll Sculpture in violation of 17 U.S.C. § 501;

4. Granting Mattel damages against Defendants, including treble and/or statutory damages, according to proof at trial;

5. Awarding Mattel its damages or Defendants' profits, or alternatively, at Mattel's election, statutory damages, as a result of Defendants' willful infringement of the copyright in the CEO BARBIE® Doll Sculpture;

6. Ordering that Defendants account to Mattel for any and all profits earned as a result of Defendants' aforesaid acts of infringement in violation of Mattel's rights under the Lanham Act;

7. Granting an award of treble damages, treble profits or statutory damages pursuant to 15 U.S.C. § 1117 for Defendants' infringement and/or counterfeiting of Mattel's BARBIE® mark;

8. Directing that Defendants engage in such additional activities, including, but not

limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage Defendants have caused;

    9.    Granting Mattel its costs, expenses, and reasonable attorney's fees;

    10.    Granting Mattel pre-judgment interest; and

    11.    Granting Mattel such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mattel hereby demands a trial by jury of all issues in this action that are so triable.

Dated: New York, New York
       December 30, 2020

                      DUNNEGAN & SCILEPPI LLC

                      By  *William Dunnegan*
                         William Dunnegan (WD9316)
                         wd@dunnegan.com
                         Laura Scileppi (LS0114)
                         ls@dunnegan.com
                         *Attorneys for Plaintiff*
                         Mattel, Inc.
                         437 Madison Avenue, 24th Fl.
                         New York, New York 10022
                         (212) 332-8300