UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

| | | |
|---|---|---|
| MATTEL, INC., | : | |
| Plaintiff, | : | |
| - against - | : | 20 Civ. |
| THE ENTITIES DOING BUSINESS AS GOODMENOW AT THE URL GOODMENOW.COM, THE ENTITIES DOING BUSINESS AS MEETGOODTIMES AT THE URL MEETGOODTIMES.COM, THE ENTITIES DOING BUSINESS AS FEELITNICE AT THE URL FEELITNICE.COM, THE ENTITIES DOING BUSINESS AS THE PAYPAL MERCHANT YOKAWA NETWORK LIMITED, JOHN DOE NOS. 1-5, AND ABC ENTITY NOS. 1-5, | : : : : : : | |
| Defendants. | : | |

-------------------------------x

DECLARATION OF MICHAEL MOORE IN SUPPORT OF PLAINTIFF'S
MOTION FOR AN ATTACHMENT ORDER AND A
TEMPORARY RESTRAINING ORDER

MICHAEL MOORE hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I am an Assistant General Counsel and a Senior Director at plaintiff Mattel, Inc. ("Mattel"). My job responsibilities include protecting Mattel's trademarks from counterfeiting, infringement and dilution, and protecting Mattel's copyrights from piracy and infringement.

2. I am making this declaration in support of Mattel's motion for an order (i) attaching the funds at PayPal, Inc. ("PayPal") of the entities doing business as GoodMeNow at

the URL www.goodmenow.com, the entities doing business as MeetGoodTimes at the URL www.meetgoodtimes.com, the entities doing business as FeelItNice at the URL www.feelitnice.com, the entities doing business as the PayPal merchant Yokawa Network Limited ("Yokawa") (collectively, "Defendants") and (ii) temporarily restraining *ex parte* those funds at PayPal pending a hearing on the motion for an order of attachment.

## Mattel's Business

3. Mattel, with its family of companies, manufactures consumer products, and is one of the world's most successful manufacturers and marketers of toys, games, and playthings.

4. Mattel manufactures, among other things, dolls which it advertises and distributes using the BARBIE® mark ("BARBIE® dolls").

## Mattel's Ownership of the BARBIE® Mark

5. The BARBIE® mark is registered on the Principal Register of the U.S. Patent & Trademark Office as U.S. Trademark Registration No. 689,055, in connection with a "doll," and No. 3,287,023, in connection with a "full line of dolls, doll clothing and doll accessories" (the "BARBIE® Registrations"). A true and correct copy of U.S. Trademark Registration No. 689,055 is attached as Exhibit A, and a true and correct copy of U.S. Trademark Registration No. 3,287,023 is attached as Exhibit B. The BARBIE® Registrations are valid and subsisting. Mattel owns the BARBIE® Registration. As a result of the high quality of Mattel's products, the BARBIE® mark has come to be, and is now, well received by the general public.

6. The BARBIE® mark is famous throughout the United States, and the general public recognizes the BARBIE ® mark as indicating Mattel as the source of the products.

### Mattel's Ownership of the Copyright in the CEO BARBIE® Doll

7. Mattel's BARBIE® dolls contain original works of authorship, including sculptural elements. One of Mattel's original BARBIE® doll sculptures is the CEO BARBIE® doll sculpture (the "CEO BARBIE® Doll Sculpture").

8. Mattel is the author of the CEO BARBIE® Doll Sculpture, and has at all times been the sole owner of all right, title and interest in the copyright in it.

9. Mattel registered the copyright in the CEO BARBIE® Doll Sculpture with the United States Copyright Office. On or about April 1, 1999, Mattel received for this work United States Copyright Registration Number VA 945-179, which is valid and enforceable. A copy of Copyright Registration Number VA 945-179 is attached as Exhibit C, and a copy of the copyright deposit is attached as Exhibit D.

### Defendants' Products and Their Markings

10. I have examined exhibits attached to the Jaquez Declaration, and concluded that the "Day of the Dead" dolls Defendants are offering for sale are not genuine Mattel products.

11. Mattel introduced the "Day of the Dead" in 2019, as a limited edition, targeted toward doll collectors. These 2019 "Day of the Dead Dolls" appeared in a black dress and sold out relatively quickly. A search of eBay reveals that these dolls are generally offered for re-sale at a price of several hundred dollars apiece.

12. Mattel introduced a different "Day of the Dead Doll" in the Fall of 2020. This doll appeared in a pink dress. Mattel and its retailer customers still offer to sell this doll to the public. Mattel currently sells this doll through the Internet at a price of $75, and sells this doll wholesale for less.

13. Mattel manufacturers both dolls in Asia and imports them into the United States.

14. It is clear that defendants are not offering genuine Mattel products for sale, for at least two reasons.

15. First, it is highly improbable that Defendants could be offering significant quantities of the 2019 Doll to the public. This is a collector's item, not a mass market product.

16. Second, it is highly improbable that Defendants could sell the 2020 Doll at the retail price of $35.99 apiece. Mattel's suggested retail price for these dolls was $75. Defendant's price of 35.99 is significantly below Mattel's wholesale prices.

17. Because defendants were not selling a genuine Mattel product, defendants had no right to use the BARBIE® trademark in connection with their sales.

18. I have also determined that the image Defendants use, as set forth in the exhibits to the Jaquez declaration, most probably depict the CEO BARBIE® Doll Sculpture.

19. Mattel has not licensed, or otherwise authorized, defendants to use Mattel's BARBIE® trademark or CEO BARBIE® Doll Sculpture in these photographs, in any product, or in any other way.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of December 2020.

_____
Michael Moore