UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MATTEL, INC.,                                :

                Plaintiff,          :

       - against -                        :         20 Civ.

THE ENTITIES DOING BUSINESS          :
AS GOODMENOW AT THE URL
GOODMENOW.COM, THE ENTITIES          :
DOING BUSINESS AS
MEETGOODTIMES AT THE URL             :
MEETGOODTIMES.COM,
THE ENTITIES DOING BUSINESS AS       :
FEELITNICE AT THE URL
FEELITNICE.COM, THE ENTITIES         :
DOING BUSINESS AS THE PAYPAL
MERCHANT YOKAWA NETWORK              :
LIMITED, JOHN DOE NOS. 1-5, AND
ABC ENTITY NOS. 1-5,                 :

               Defendants.        :

------------------------------x

## DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ATTACHMENT ORDER AND A TEMPORARY RESTRAINING ORDER

WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1.     I am a member of the bar of this Court and the firm of Dunnegan & Scileppi LLC, attorneys for plaintiff Mattel, Inc. ("Mattel") in this action.

2.     I am making this declaration in support of Mattel's application for an (i) attaching the funds at PayPal, Inc. ("PayPal") of the entities doing business as GoodMeNow at the URL www.goodmenow.com, the entities doing business as MeetGoodTimes at the URL

www.meetgoodtimes.com, the entities doing business as FeelItNice at the URL www.feelitnice.com, the entities doing business as the PayPal Merchant Yokawa Network Limited ("Yokawa") (collectively, "Defendants"), and (ii) temporarily restraining *ex parte* those funds at PayPal pending a hearing on the motion for an order of attachment.

## Background

3. As set forth in her accompanying declaration, Emily H. Jaquez, the office manager at my firm, purchased from Defendants the dolls shown in the listings attached to her declaration, and paid through PayPal.

4. As set forth in the accompanying declaration of Michael Moore, Mattel did not authorize Defendants' use of the BARBIE® mark in connection with the sale of these dolls, or the registered copyright VA 945-179 for the "CEO BARBIE®" doll sculpture.

5. Based upon our investigation, Defendants appear to be in China. We know of no assets that Defendants have in the United States other than accounts at PayPal.

6. In its complaint, Mattel alleged that Defendants infringed Mattel's BARBIE® mark on its website and through the sale of dolls, at the domain names goodmenow.com, meetgoodtimes.com, and feelitnice.com.

7. Mattel also alleges that the Defendants had, without permission, infringed Mattel's rights in the registered copyright VA 945-179, to advertise and sell dolls on its websites, including goodmenow.com, meetgoodtimes.com, and feelitnice.com.

8. Mattel also alleges that Defendants accept payments for their infringing products through PayPal.

9.  Without an order of attachment, Mattel faces the substantial risk that Defendants will move their assets out of the reach of the Court, and render any judgment that Mattel recovers in the action uncollectible.

### Defendants' Hidden Identities

10. PayPal allows sellers to receive money in exchange for goods or services on its platform, without publicly revealing their true identities or locations. For example, the PayPal receipt attached to the declaration of Emily Jaquez identifies the merchant only as "Yokawa Network Limited."

11. We have reviewed the www.goodmenow.com, www.meetgoodtimes.com, and www.feelitnice.com websites and their registration information, to attempt to identify the Defendants' true names and/or their direct contact information, and have been unable to do so.

12. None of the three websites provides any contact information, other than the e-mail address support@24dzservice.com and the phone number 800 234 6789, as shown in the declaration of Emily H. Jaquez.

13. According to the WHOIS database, obtained from the website lookup.icann.org, the registrar for each of the three websites is Alibaba Cloud Computing (Beijing) Co., Ltd. ("Alibaba"). Copies of the webpages stating the identity of the Registrar for each website are attached as Exhibit M.

14. According to the Alibaba website, alibabcloud.com/whois, the registrants of each of the three websites are located in "guang dong" province in China. Copies of the Alibaba webpages stating this information are attached as Exhibit N. None of the three webpages identify the name of the registrant.

15. Because Defendants' identities are not ascertainable at this time, it is important that the order of attachment (i) specifically apply to any entity on PayPal doing business in connection with the www.goodmenow.com, www.meetgoodtimes.com, and www.feelitnice.com websites, and (ii) order PayPal to provide the Defendants' identities and contact information.

### The Present Application

16. Mattel is proceeding by order to show cause, rather than by notice of motion, because of the urgency of the relief it seeks.

17. Mattel has not made this, or a similar, application to this or any other Court.

18. Mattel has not provided any notice of the application for a temporary restraining order of attachment because (a) under New York CPLR § 6210, such notice is not required, and (b) notice of this application may cause the Defendant to withdraw the funds that Mattel is attempting to attach.

19. I have represented a plaintiff in at least one civil action in which the defendant withdrew funds that were the subject of an order of attachment before the financial institutions could restrain those funds. *John Wiley & Sons, Inc. v. Kirtsaeng*, 2009 WL 3003242 at *1 (S.D.N.Y. Sept. 15, 2009)("Plaintiff's attorney's affidavit avers that he, on April 27 at 4:10 p.m., 'served by hand a copy of the Temporary Order of Attachment on Bank of America at its branch at 350 Fifth Avenue, New York, New York, and received a receipt [a copy of which is attached as Exhibit B]. . . Nonetheless, as Plaintiff's attorney alleges, on April 28, Kirtsaeng 'withdrew $6,400 in U.S. Currency from his Bank of America account [and a copy of the subpoenaed statement is attached as Exhibit D].'")(citations omitted).

20. In prior cases in which I have acted as counsel, PayPal has consented to the

jurisdiction of this Court with respect to an order of attachment, temporary restraining order, or restraining notice with respect to funds that it is holding.  *Mattel, Inc. v. SmartEcom LLC, et al.*, 18 Civ. 7665 (VM)(S.D.N.Y.) (Dkt. 14).  *See* Dkt. No 20-10487, where evidence of PayPal's consent was filed under seal on December 18, 2020.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this 30th day of December 2020.

_____<br>
William Dunnegan