

DGW KRAMER LLP
1 Rockefeller Center
Suite 1060
New York, New York 10020
www.dgwllp.com

Tel: 1-917-633-6860
Fax: 1-917-633-6183

January 18, 2021

<u>Via ECF</u>
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Mattel Inc. v. The Entities Doing Business as Goodmenow at the URL
            Goodmenow.com et al.
            1:20-cv-11075-NRB – Reply In Support of Letter Motion Dated Jan. 14, 2021

Your Honor:

      The following reply is submitted in further support of Defendants' letter motion filed on January 14, 2021, in which Defendants sought an immediate modification of the temporary restraining order entered on December 30, 2020 (the "Order").

      The current Order is causing serious financial harm to Defendants and has forced them to cease global operations, at least temporarily, until they can regain access to at least some PayPal accounts. As stated in the previously filed Declaration of Xin Cheng, Defendants operate a substantial business, which generated more than $19 million USD in revenue in the fourth quarter of 2020. Defendants again note that they reserve all rights to seek relief against Plaintiff for the financial harm that is being caused by this overbroad restraint.

      Perhaps realizing the futility of its opposition to Defendants' reasonable request for temporary modification, Plaintiff relies on speculation and groundless hypotheticals.

      Plaintiff has apparently taken no steps to ascertain the amount – if any – of PayPal's supposed liens against the frozen accounts, despite having been in contact with counsel for PayPal. The language from PayPal as quoted by Plaintiff appears to be boilerplate. If the accounts are frozen by order of this Court, there is no risk of dissipation by PayPal. Moreover, if some of Defendants' PayPal accounts are unfrozen, Defendants' business will continue to

operate and generate additional revenue through PayPal, thus providing an alternative source of recovery for any hypothetical liens asserted by PayPal.

Plaintiff groundlessly contends that "if a consumer brings a class action against defendants, or if defendants at the end of this case decide to promote goodwill with their customers by refunding all of the money at PayPal rather than paying a judgment in this action, the amount currently attached may not exceed six figures."  (Opposition, p. 3.)  This misses the point of Defendants' urgent plea to this Court.  <u>The Order is overbroad and is currently crippling Defendants' ability to conduct its legitimate e-commerce business.</u>  The immediate question is whether the Court will allow certain of Defendants' PayPal accounts to be unfrozen so that Defendants can resume operations, pending resolution of Defendants' intended further challenge to the temporary restraining order and attachment.  Moreover, if any assets remain frozen with PayPal, there is no risk of Defendants unilaterally releasing those funds to consumers, because they will be precluded by the Court's order from doing so.  Plaintiff's speculation is therefore without merit.

Defendants have not "cherry-picked" their proposed PayPal accounts for any nefarious purposes.  The total amounts held in those accounts adds up to about $2.8 million, an amount that Plaintiff acknowledges is more than reasonable under the circumstances.  Defendants' top priority is regaining the operation of at least some of their PayPal accounts so they can resume their operations.

Plaintiffs ask Defendants to "disclose the extent that they can currently withdraw funds in each account at PayPal."  (Opposition, p. 3.)  Under the current order, the answer is "none."  Every account held by Defendants at PayPal – with a total of more than $5,000,000 USD – is currently frozen and inaccessible.  As a result, Defendants are <u>unable to operate their busines and are incurring serious losses</u>.  During normal operations, Defendants are required to maintain both a fixed deposit and a revolving deposit in their PayPal accounts.  These deposits are substantial and they are required under the standard terms of their agreement with PayPal.

It is highly improbable that Plaintiff will be able to prevail on its best-case-scenario statutory damages of $2,150,000 plus attorney's fees.  Defendants intend to defend this case on the merits at the appropriate juncture and will provide discovery and documentation when it becomes warranted to do so.  Defendants have records of their business activity, including the sales and profits from the sale of the product at issue.  At this point, however, Plaintiff nearly admits that it could not recover more than $2.8 million.  As a result, the amount proposed by Defendants to be held – temporarily – is more than adequate.

Because of the volume of Defendants' sales through their PayPal accounts, there is no appreciable risk that a judgment would become uncollectible.  As stated, Defendants' revenue volume in the fourth quarter of 2020 was more than $19 million USD, and Defendants intend to maintain their e-commerce operations.  Defendants will present further evidence and argument in this regard in their opposition to the attachment motion.  At this immediate juncture, however, Defendants are seeking a reasonable modification of the Order so that they can continue their business operations.

Plaintiff speculates, without basis, that PayPal could "inadvertently" (quotes in the original) transfer funds that were subject to the Court's attachment Order.   There is no basis for such speculation.

Defendants oppose Plaintiff's proposal to pay $2.8 million into Court because it is unnecessary.   The funds can be securely held at PayPal for this temporary period.   Defendants intend to oppose the attachment order in its entirety, and the remedy sought herein is desperately needed as a short-term measure to enable Defendants to return to business operations.  Defendants will seek to be heard on the fundamentals of the attachment order, for which the parties have agreed to a briefing schedule.   Defendants will raise substantive opposition to the attachment order at that time.   Until those issues are heard and resolved, no further modification of the Order is warranted other than a reduction in scope so that Defendants' business operations can resume and so the Order does not capture an excessive sum in light of the damages pleaded by Plaintiff.

Finally, Defendants move to strike the unauthenticated purported evidence submitted by Plaintiff in support of their response papers.   Plaintiff has offered no explanation of the source or reliability of the supposed evidence submitted, nor a declaration from counsel.   Moreover, it is without question that material on the internet can be inaccurate or generated by a bot – or by a competitor, seeking to undercut a thriving new entrant to the market – and Plaintiff has made no effort to account for the reliability or non-reliability of their exhibits.   Accordingly, the materials should be stricken and disregarded.

To reiterate, Defendants urgently require relief so they can resume business operations. The current Order is overbroad, as it affects more accounts than necessary and has resulted in more than $5 million USD in frozen assets, which far exceeds Plaintiff's best-case-scenario calculation of damages.   Defendants therefore seek modification of the Order to limit the number of accounts which will remain temporarily frozen.   Plaintiff will not be harmed by this reasonable modification, and it is essential to the functioning of Defendants' operations.   There is no necessity to move the funds out of the PayPal accounts at this time.   The funds can remain held in the PayPal accounts until the Court may resolve Defendants' opposition to the merits of the attachment motion.   Once Defendants can resume their business operations, an additional high volume of funds will resume flowing through their other PayPal accounts.

The parties remain available for a hearing or motion conference at the Court's earliest convenience.

>Yours Truly,
>DGW Kramer LLP
>
>/s/ Jacob Chen
>By: Jacob Chen, Esq.
>Katherine Burghardt Kramer, Esq.
>RongPing Wu, Esq.