

DGW KRAMER LLP
1 Rockefeller Center
Suite 1060
New York, New York 10020
www.dgwllp.com

Tel: 1-917-633-6860
Fax: 1-917-633-6183

January 21, 2021

<u>Via ECF</u>
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Mattel Inc. v. The Entities Doing Business as Goodmenow at the URL
             Goodmenow.com et al.
             1:20-cv-11075-NRB – Additional Reply In Support of Letter Motion Dated Jan. 14, 2021

Your Honor:

      The following additional reply is submitted in further support of Defendants' letter motion filed on January 14, 2021, in which Defendants sought an immediate modification of the temporary restraining order entered on December 30, 2020 (the "Order"). On January 15, 2021, Plaintiff filed their response. On January 19, 2021, the Court held a conference with the parties. On January 20, 2021, Defendants supplemented their motion and reply papers with the Second Declaration of Xin Cheng. On January 20, 2021, Plaintiff filed a supplemental response with voluminous exhibits. Defendants now provide this further reply.

      The immediate issue before the Court on these papers is whether the Order should be modified, on a temporary basis, pending further review of Defendants' intended full opposition to the motion for attachment. Defendants respectfully submit that the answer to this immediate question is still "yes." The Order should be reduced, for now, to a maximum of $2.8 million and limited to the seven accounts identified in Defendants' initial papers filed on January 14, 2021. Even as modified, that relief is still more than adequate to protect Plaintiff under these circumstances. Plaintiff has identified no meritorious grounds for an alternative conclusion.

      Any independent review or possible temporary restriction by PayPal should have no effect on this Court's ruling on Defendants' request for emergency relief. It is currently

unknown when PayPal will conclude its independent review.    As stated by PayPal's counsel, it is merely a review, not an investigation.    At this point, it appears likely that PayPal will conclude its review in short order, in which case the PayPal accounts will only be subject to any restraint issued by this Court.    Defendants therefore request that the Court determine, independent of any review or other action by PayPal, that the Order should be modified, as it is presently overbroad.    There is no evidence that PayPal will continue to restrict Defendants' accounts for any lengthy period of time or even that PayPal will continue to restrict Defendants' accounts upon modification of the Order.    Accordingly, the Court should not be swayed by any parallel and independent review being conducted by PayPal.

Plaintiff has still not identified any defined amount of a lien by PayPal against Defendants' accounts.    Plaintiff has the burden of demonstrating that Defendants' proposed <u>temporary</u> modification to $2.8mm in frozen PayPal assets is inadequate.    Plaintiff has failed to satisfy this burden, and cannot do so based on speculation alone.

The harm to Defendants from an overbroad restraint is real and quantifiable, and this real harm outweighs Plaintiff's self-serving speculation. The attached assets do not need to be lien-free, but rather they only need to be sufficient.    Under these facts, Defendants' plea to reduce the scope of the Order to $2.8 million is well-supported and Plaintiff has not demonstrated that it will suffer any harm as a result of this temporary modification.

Moreover, Plaintiff has not demonstrated likely recovery of anywhere near $2.8 million, thus further supporting Defendants' contention that temporary reduction to $2.8 million is more than adequate.    Defendants have submitted evidence, in the form of Xin Cheng's Second Declaration, that they received profits of approximately $78,000 for the sale of various dolls, including the "Day of the Dead" dolls at issue.    Even assuming treble damages – which Defendants do not expect will be provable here when the record is complete – this only amounts to $234,000, less than 10% of the amount Plaintiff seeks to attach.    The cases cited by Plaintiff for its assertion of maximum statutory damages are inapposite.    Each of the cases cited by Plaintiff involved either a default judgment or a lengthy period of sales involving millions of products.    No such circumstances are present here, even assuming that Plaintiff would be able to prove any liability on the part of Defendants.    Further, "[s]tatutory damages are most appropriate when infringer nondisclosure during fact finding leaves damages uncertain."    *Sara Lee Corp. v. Bags of N. Y.*, Inc., 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999).    Defendants have already provided an estimate of profits, despite the early stage of this litigation, in which Defendants have not even been lawfully served yet with the complaint.    Accordingly, the temporary modification to $2.8 million is more than adequate.

Finally, Plaintiff has flagrantly violated this Court's rules regarding the public filing of sensitive financial information.    Plaintiff filed Defendants' full PayPal account numbers in their supplemental filing (Doc. 33, p. 2), along with unredacted voluminous exhibits reflecting Defendants' sensitive financial information.    *See* F.R.C.P. 5.2(a) (prohibiting the filing of more than the last four digits of financial account information).    While Plaintiff is entitled to assert their rights under the law, Plaintiff is not entitled to destroy Defendants' business through underhanded tactics such as the public filing of sensitive financial information that may be quite

valuable to Defendants' competitors.   Within 90 minutes after Plaintiff's filing, Defendants requested that Plaintiff withdraw their filing and immediately file redacted versions to prevent any further harm to Defendants as a result of this disclosure of financial information.   As of the time of this filing, Plaintiff has not withdrawn or redacted their filings.

                Yours Truly,
                DGW Kramer LLP

                /s/ Jacob Chen
                By: Jacob Chen, Esq.
                Katherine Burghardt Kramer, Esq.
                RongPing Wu, Esq.