DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
437 MADISON AVENUE
NEW YORK, NEW YORK 10022

212-332-8300
212-332-8301 TELECOPIER

January 20, 2021

<u>Via ECF</u>

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: <u>Mattel v. GoodMeNow</u>
20-cv-11075 (NRB)

Dear Judge Buchwald,

We represent plaintiff Mattel, Inc. ("Mattel"). We are writing in response to your request during the January 19, 2021, telephone conference for additional information concerning defendants' PayPal accounts. The bottom line is that PayPal has advised both parties today in an email that:

> "As a result of PayPal's independent restriction on the 11 accounts, no amount of funds could currently be withdrawn from the accounts by the defendant even if the TRO was lifted today. The funds in the accounts would be available to the defendant for use toward payment of consumer refunds <u>only</u>." (Exhibit 11)

I.  Restraints on Defendants' PayPal Accounts

For "high risk" accounts, PayPal imposes "reserves" that PayPal determines in its discretion and which it can change at any time upon notice. PayPal's form of merchant agreement on PayPal's website, a copy of which is annexed as Exhibit 1, provides:

> "11.  Reserves and other Protective Actions.

Hon. Naomi Reice Buchwald
January 20, 2021
Page 2

If, in our sole discretion, we believe there may be a high level of risk associated with you, your PayPal account, your business model, or your transactions we may take certain actions in connection with your Account and/or your use of the PayPal services.

a. Reserves. **PayPal, in its sole discretion, may place a Reserve on funds held in your PayPal account when PayPal believes there may be a high level of risk associated with your Account.** If PayPal places a Reserve on funds in your PayPal account, they will be shown as 'pending' in your PayPal Balance. **If your PayPal account is subject to a Reserve, PayPal will provide you with notice specifying the terms of the reserve.** The terms may require that a certain percentage of the amounts received into your PayPal account are held for a certain period of time, or that a certain amount of money is held in reserve. PayPal may change the terms of the Reserve at any time by providing you with notice of the new terms.

b. Additional Actions. We may take other actions we determine are necessary to protect against the risk associated with your PayPal account including requesting additional collateral from you such as a letter of credit or a personal guarantee. PayPal may contact your customers, on your behalf, in the event that PayPal is investigating potential fraud." (Emphasis added.)

In response to the TRO, PayPal disclosed records concerning eight accounts that as of January 7, 2021, contained the gross balance of $2,768,898, but an excess over the "rolling reserve" of only $546,959.09. These records are attached as Exhibits 2 through 9, and summarized below.

| Ex. | Account Number | Email | Balance | Roll. Reserve | Excess |
|---|---|---|---|---|---|
| 2 | ▬1866 | Yostep@163.com | $378,770.40 | $312,464.67 | $66,305.73 |
| 3 | ▬4850 | Yowishes@163.com | $271,272.67 | $241,171.31 | $30,101.36 |
| 4 | ▬9272 | yougoodplus@163.com | $1,372,468.88 | $1,174,833.94 | $197,634.94 |
| 5 | ▬3523 | Yojudy@126.com | $159,660.69 | $115,200.78 | $44,459.91 |
| 6 | ▬5028 | Yodate@126.com | $100,188.25 | $19,405.25 | $80,783.00 |
| 7 | ▬4250 | yoloya@sina.com | $200,645.89 | $174,177.09 | $26,468.80 |
| 8 | ▬0459 | Yocute@126.com | $169,340.38 | $95,735.93 | $73,604.45 |
| 9 | ▬7309 | yohoke@sina.com admin@callliving.net | $116,551.76 | $88,950.86 | $27,600.90 |
| | | Total | $2,768,898.92 | $2,221,939.83 | $546,959.09 |

Last night, I spoke with Clete Samson, Esq., outside counsel for PayPal. He advised me that the amount of the "rolling reserve" was subject to change, day by day, and that PayPal asserts a "security interest" in the "rolling reserve."

Hon. Naomi Reice Buchwald
January 20, 2021
Page 3

Earlier today, we received an e-mail from Mr. Samson, a copy of which is annexed as Exhibit 10. The e-mail provides:

> "For your awareness in relation to your underlying civil case, I have attached a spreadsheet which shows the 11 PayPal accounts that are currently restricted by PayPal. The first 8 accounts listed on the spreadsheet were restricted on or about January 7, 2021 as a result of the TRO issued in your civil case. A later search by PayPal revealed the additional three accounts and those accounts were restricted on or around January 12, 2021. All 11 accounts listed on the spreadsheet are restricted pursuant to the TRO in your case as well as pursuant to PayPal's User Agreement based on its own independent analysis of the dispute activity and risk associated with the 11 accounts.
>
> The attached spreadsheet contains a column that shows the total account balance in each of the 11 accounts as of this morning, January 20, 2021. The second column shows the 'available balance' in the accounts which is the amount of funds in the accounts that are NOT subject to PayPal's rolling reserve. Please again understand that all 11 accounts are restricted both (1) as a result of the TRO entered in your civil case and (2) independently by PP pursuant to its own independent review of dispute activity and risk analysis related to the underlying accounts. Put differently, even if the TRO is lifted in your underlying case, the 11 accounts may continue to be restricted by PayPal's risk assessment team pursuant to the express terms of its User Agreement with the account holder.
>
> Please let me know if you have any questions."

The attachment to the e-mail, Exhibit 10, shows that the eleven accounts have a total balance of $4,568,585.56 and that only $1,691,834.07 is not subject to a "rolling reserve."

I then requested clarification of the meaning of the word "restriction" in Mr. Samson's e-mail. Mr. Samson responded in an e-mail, a copy of which is marked as Exhibit 11, stating:

> "To be clear and in response to the questions posed below:
>
> As a result of PayPal's independent restriction on the 11 accounts, no amount of funds could currently be withdrawn from the accounts by the defendant even if the TRO was lifted today. The funds in the accounts would be available to the defendant for use toward payment of consumer refunds only."

In other words, PayPal is saying that, at this moment, it would assert a security interest in the entire account balances and not release any money to any defendant, even in the absence of a TRO. We think that this spells the end of defendants' application.

II.     Plaintiff's Potential Recovery

Defendants' admission that they sold $700,000 of the "Day of the Dead" Barbie dolls makes and proposed attachment of $2.8 million – free and clear of PayPal's security interest – reasonable.

Except in "extenuating circumstances," treble damages are available as of right, under 15 U.S.C. § 1117(b), in trademark counterfeiting cases.

> "(b)  TREBLE DAMAGES FOR USE OF COUNTERFEIT MARK
>
> In assessing damages under subsection (a) for any violation of section 1114(1)(a) of this title or section 220506 of title 36, in a case involving use of a counterfeit mark or designation (as defined in section 1116(d) of this title), the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of—
>
>> (1) intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for sale, or distribution of goods or services;

"In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a).

Statutory damages under 15 U.S.C. § 1117(c), currently up to "$2,000,000 per counterfeit mark per type of goods or service," provide an additional remedy. Cases granting the maximum amount of statutory damages for willful infringements, currently $2,000,000, are not uncommon. *See e.g. Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp.3d 137, 169–70 (E.D.N.Y. 2016)($10 million); *Philip Morris USA Inc. v. ABC Chinese Food, Inc.*, No. 08-CV-4336(BMC), 2009 WL 4067997, at *1 (E.D.N.Y. Nov. 18, 2009)($2 million); *Phillip Morris USA Inc. v. Marlboro Express*, No. CV-03-1161 (CPS), 2005 WL 2076921, at *6 (E.D.N.Y. Aug. 26, 2005)($4 million).

Defendants' admission that they sold about $700,000 of the "Day of the Dead" Barbie dolls without knowing that BARBIE® is a trademark is not believable. *Mattel Inc. v. Jcom Inc.*, No. 97 Civ. 7191 (SS), 1998 WL 766711, at *4 (S.D.N.Y. Sept. 11, 1998)("The Court concludes that—by any measure—that the world-known BARBIE is a 'famous' trademark under the Federal Anti–Dilution Act, 15 U.S.C. § 1125(c).").

III. <u>The Effect of the TRO</u>

The TRO does not prevent defendants from accepting funds through PayPal. (Dkt. 19 at 2/4)

Defendants' unsupported assertion that the TRO has put them out of business because they could not withdraw funds, from January 7, 2021 to the present, is not plausible. Defendants, which have only been in business since December 2019, opened each the subject PayPal accounts in either May or June 2020. Since then, the documents attached as Exhibits 2 through 9 demonstrate that defendants withdrew from these PayPal accounts more than $15 million, as summarized in the following table.

| Ex. | Date open | 1/7 Balance | Total Receipts | Withdrawn |
|---|---|---|---|---|
| 2 | 6/2/2020 | $378,770.40 | $2,196,930.93 | |
| 3 | 6/2/2020 | $271,272.67 | $3,446,668.15 | |
| 4 | 5/18/2020 | $1,372,468.88 | $4,868,206.76 | |
| 5 | 6/2/2020 | $159,660.69 | $2,713,529.02 | |
| 6 | 6/2/2020 | $100,070.70 | $1,339,057.63 | |
| 7 | 6/2/2020 | $200,645.89 | $1,863,529.08 | |
| 8 | 6/2/2020 | $169,340.38 | $1,520,042.02 | |
| 9 | 6/2/2020 | $116,551.76 | $743,300.69 | |
| Total | | $2,768,781.37 | $18,691,264.28 | $15,922,482.91 |

Especially in light of defendants' disclosure during the conference on January 19, 2021, that they had sales of unauthorized BARBIE® products of $700,000, modifying the existing

Hon. Naomi Reice Buchwald
January 20, 2021
Page 6

order is likely to impair Mattel's ability to enforce any judgment in this action.

                                              Respectfully yours,

                                              William Dunnegan

Cc:  Katherine Burghardt Kramer, Esq.
      Jacob Chen, Esq.