UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE ENTITIES DOING BUSINESS AS GOODMENOW AT THE URL GOODMENOW.COM, ET AL., <br><br> Defendants. | Civil Action No.: 1:20-cv-11075-NRB <br><br> **THIRD DECLARATION OF XIN CHENG** |

I, Xin Cheng, do hereby depose and state:

1. My name is Xin Cheng, and I am over the age of eighteen.

2. I am the CEO of Yokawa Network Limited ("Yokawa"), a business entity duly incorporated under the laws of Hong Kong, SAR, China.

3. Starting in February 2020 through the present, Yokawa has experienced some shipping delays caused by the global COVID-19 pandemic.

4. Some shipments from China to the U.S. were delayed during this period due to global supply chain challenges. These challenges are outside the control of Yokawa.

5. Yokawa does not have business operations physically located in the United States.

6. Yokawa's third-party logistics vendor leases some warehouse space in the United States, but Yokawa does not own or control that space

7. Yokawa has about 560 employees. All of its employees are located in mainland China or Hong Kong.

8. Yokawa's User Agreement for PayPal services is with PayPal Hong Kong Limited.

9. Yokawa's PayPal accounts are held by PayPal Hong Kong Limited.

10. Yokawa does not have a contract with PayPal, Inc.

11. Yokawa does not have any accounts with PayPal, Inc., which I understand to be the U.S. operations of PayPal.

12. Attached as an exhibit to this Declaration is a true and correct copy of Yokawa's Addendum to User Agreement, signed between Yokawa Network Ltd. and PayPal Hong Kong Limited.

13. It is a common practice in the e-commerce industry for competitors to post negative information about another e-commerce businesses online, including what appear to be negative reviews. Some of this information can be generated by a "bot" or by people hired to post false, negative information about a competitor.

14. I declare that the foregoing is true and correct under penalty of perjury.

[remainder of page intentionally left blank]

Dated: this 22th day of January, 2021.
Hong Kong, SAR, China

　　　　　　　　　　　　　　　　　　　XIN CHENG
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　XIN CHENG



### Addendum to User Agreement

THIS ADDENDUM (this "**Addendum**") is made effective as of the last date signed by a party below (the "**Effective Date**").

**Parties**

PayPal Hong Kong Limited, with office located at Room 1506-1507, 15/F Central Plaza, 18 Harbour Road, Wanchai, Hong Kong ("**PayPal**") and Yokawa Network Limited, with office located at Flat B, 4/F, Kingswell Commercial Tower, 171-173 Lockhart Road, Wanchai, Hong Kong ("**Merchant**").

**Recitals**

A. PayPal and the Merchant are parties to the PayPal User Agreement (the "Agreement") which is an online agreement available at url: https://www.paypal.com/hk/webapps/mpp/ua/legalhub-full?locale.x=en_GB;

B. The Merchant is in the business of selling, licensing, or otherwise providing goods and/or services to customers. PayPal is in the business of providing payment services and related products to enable merchants to send and receive payments in accordance with the terms and conditions;

C. PayPal and the Merchant entered into the Agreement to allow the Merchant to use PayPal's payment services (the "PayPal Services"); and

D. PayPal and the Merchant mutually desire to amend the Agreement as provided in this Addendum.

**It is Agreed**

1) Fees

   a) The Merchant agrees to pay the fees set out in Schedule A of this Addendum.

2) Term and Termination

   a) This Addendum shall be effective as of the Effective Date and shall remain in force for a period of twelve (12) months from the Effective Date and will automatically be renewed for an unlimited number of successive 12-month terms until such time as it is terminated according to the terms contained in this Addendum ("Term"). At the end of the Term of this Addendum, the Agreement will continue under its original terms, until such time as it is terminated in accordance with the Agreement.

   b) The Agreement and/or this Addendum, may be terminated by either Party at any time by giving 30 days' written notice to the other Party.

   c) If the Merchant fails to comply with any of its obligations set out in this Addendum including Merchant Requirements, if any applicable under this Addendum, PayPal reserves the right to terminate the Agreement and/ or this Addendum immediately.

   d) Any provisions establishing confidentiality obligations or creating a debt between the parties survive termination of the Agreement, including this Addendum.



3) **General**

   a) The Agreement, as amended by this Addendum and other duly executed addenda from time to time, contains the entire agreement of the parties with respect to the matters covered and no other or prior promises, negotiations or discussions, oral or written, made by any party or its employees, officers or agents shall be valid and binding.

   b) In the event of any inconsistencies between this Addendum, the Agreement and any earlier executed addenda amending the Agreement, this Addendum will take precedence.

   c) This Addendum may be executed in any number of counterparts, each of which shall be considered an original, and all of which shall be deemed one and the same instrument.

   d) Capitalised terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement

   e) Reference to any Schedule is a schedule to this Addendum, unless otherwise indicated.

   f) The Merchant acknowledges that the terms of this Addendum are confidential and that any breach of such confidentiality may cause damage to PayPal. The Merchant also acknowledges that monetary damages may not be a sufficient remedy for the unauthorized use or disclosure of such confidential information and that PayPal may, without waiving its other rights or remedies, seek injunctive or equitable relief as may be deemed proper by a court of competent jurisdiction, without obligation to post any bond.

| Yokawa Network Limited<br>By its authorised signatory | PayPal Hong Kong Limited<br>By its authorised signatory |
|---|---|
| Signature _____  Date _____ | Signature _Matthew Andrew Lucas_  Date _Apr 17, 2020_ |
| Name _____ | Name _Matthew Andrew Lucas_ |
| Title _CEO_ | Title _Finance Director_ |






## SCHEDULE A - FEES

1. Except as provided by this Schedule A, Merchant agrees to pay the fees prescribed in the Agreement.

2. For the purposes of this Addendum, "**PayPal nTPV**" (or "net total payment volume") means the amount of successful payments processed on the Merchant's website via the PayPal Services, that are not subject to charge backs, refunds, and reversals, and excludes any payments received by way of Mass Payments and Send Money functions.

3. Subject to clauses 4 and 5 below, if the PayPal nTPV received at the Points of Sale in the previous month (commencing from the Effective Date) exceeds the amounts set out in Table 1 below, the following discounted fees will apply:

Table 1

| Tier | PayPal nTPV achieved in the previous month | Commercial Payments Fee - Domestic Payments | Commercial Payments Fee - International Payments | The currency conversion fee charged when receiving payments (including Mass Payments or Payouts), withdrawing funds to your local bank account (if your PayPal balance is held in a currency other than your local currency), adding funds from a bank account to your PayPal Account or when transferring funds between your PayPal balances held in different currencies ("Preferential FX Fee") | Withdrawals you make to your linked U.S. bank account ("Preferential US Withdrawal Fee") |
|---|---|---|---|---|---|
| 1 | USD $0.00 to USD $600,000.00 | 4.4% of the transaction amount per transaction* | 4.4% of the transaction amount per transaction* | 3.0% of the transaction amount | 0.03% of the transaction amount |
| 2 | USD $600,000.01 to USD $1,000,000.00 | 3.7% of the transaction amount per transaction* | 3.7% of the transaction amount per transaction* | 2.0% of the transaction amount | 0.03% of the transaction amount |
| 3 | USD $1,000,000.01 to USD$1,500,000.00 | 3.1% of the transaction amount per transaction* | 3.1% of the transaction amount per transaction* | 1.0% of the transaction amount | 0.03% of the transaction amount |
| 4 | USD $1,500,000.01 to + | 2.9% of the transaction amount per transaction* | 2.9% of the transaction amount per transaction* | 1.0% of the transaction amount | 0.03% of the transaction amount |

*In addition to the percentage fees listed above, the Merchant also pays an additional fixed fee of HKD 2.35 (or the equivalent in other currencies received by the Merchant per transaction) for each domestic and international payment received by the Merchant through the PayPal Services.

4. PayPal will apply the new pricing at the beginning of each calendar month if the relevant volume tier has been met (but the volume tiers and applicable rate will not be backdated). If



the Merchant fails to maintain any merchant payment volume tier, PayPal can increase the fees payable by the Merchant in its discretion without notice.

5. Notwithstanding the above, from the Effective Date for a period of 3 months ("Promotional Period") the Merchant shall pay the fees set out in Tier 3. At the end of the Promotional Period, the Merchant shall pay the applicable fees based on the applicable volume tier as determined in accordance with clauses 3 and 4 above.

6. The fees shall be deducted from amounts credited to the Merchant's PayPal Account.

7. For the avoidance of doubt, the parties acknowledge that a payment received by the Merchant in Hong Kong through the PayPal Services from a buyer in China is considered to be an international payment for the purposes of this Addendum.

8. Conditions

   a) The fees set out in clause 3 above are subject to and conditional on the following:

      (i) the Merchant achieving a net total payment volume or "nTPV" (as defined below) of at least USD 7,500,000.00 during each period of 12-months starting from the Effective Date, during the Term of the Addendum.

   b) If the Merchant does not satisfy any of the conditions in clause 7(a) above, PayPal reserves the right to require the Merchant to pay:

      (i) the commercial payment fees set out under Exhibit A ("Fees") of the Agreement for domestic transactions in respect of the shortfall attributable to domestic transactions. The shortfall attributable to domestic transactions is calculated as the total shortfall multiplied by the proportion of the actual nTPV achieved attributable to domestic transactions; and

      (ii) the commercial payment fees set out under Exhibit A ("Fees") of the Agreement for international transactions in respect of the shortfall attributable to international transactions. The shortfall attributable to international transactions is calculated as the total shortfall multiplied by the proportion of the actual nTPV achieved attributable to international transactions.

   PayPal may deduct such fees owed to PayPal by the Merchant from the Merchant's PayPal Account by giving the Merchant thirty (30) days prior notice.

   c) If the Merchant does not satisfy any of the conditions in clause 7(a) above PayPal reserves the right to:

      (i) request the Merchant to undertake certain PayPal integration related initiatives as determined by PayPal; and/or

      (ii) increase the Preferential FX Fee and/or the Preferential US Withdrawal Fee upon 30 days notice.

