**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

**NAOMI REICE BUCHWALD**  (212) 805-0194
UNITED STATES DISTRICT JUDGE

February 4, 2021

William Irvin Dunnegan
Dunnegan & Scileppi LLC
437 Madison Avenue, Ste 24th Floor
New York, NY 10022

Katherine Burghardt Kramer
DGW Kramer LLP
One Rockefeller Plaza, Suite 1060
New York, NY 10020

**RE: Mattel Inc. v. The Entities d/b/a Goodmenow at the URL Goodmenow.com et al**
**20 Civ. 11075 (NRB)**

Dear Counsel:

The Court has reviewed the parties' submissions in support of and in opposition to Mattel Inc.'s ("Mattel") motion for an order of attachment, ECF Nos. 22, 38, 48, and has concluded that additional information and briefing is needed before the Court can resolve the motion. For the avoidance of doubt, the Court is not soliciting additional briefing on the merits of the trademark and counterfeiting claims alleged in Mattel's amended complaint. Instead, the parties shall answer, in letter format, the precise questions set forth by the Court below.

For Mattel:

As Mattel seeks to utilize N.Y. C.P.L.R. § 6201(1) as the basis for the attachment, it is common ground that Mattel must comply with the statute. Most fundamentally, there must be an attachable res in New York. It is not disputed that PayPal is not subject to general jurisdiction in New York. From the parties' perspectives in this litigation, the relevant PayPal entity is either in California or Hong Kong. Moreover, Mattel's request in the Order to Show Cause to serve PayPal in California is an acknowledgment that service could not be made on PayPal in New York in the context of this litigation.

Recognizing the necessity of establishing PayPal's presence in New York for purposes of finding an attachable asset in New York, Mattel has asserted two arguments. From this Court's perspective, there are serious questions going to the merits of both.

First, Mattel asserts that PayPal has consented to jurisdiction. Whatever that means (and we see no evidence in the record of such consent), that is not the same as PayPal placing an attachable asset of defendants in New York. Indeed, any such "consent" would seem more properly understood as a statement by PayPal that it has no intent to resist, and will comply, with

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

**NAOMI REICE BUCHWALD**                                                                                                                 (212) 805-0194
**UNITED STATES DISTRICT JUDGE**

a federal court order so long as it is in effect.

Second, Mattel has relied on Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 926 N.E.2d 1202 (2010). That case found that the Court had the authority to order prejudgment attachment of out-of-state assets that the defendant owned or controlled where the defendant had submitted to personal jurisdiction in New York and where defendant was served while in New York. While in Hotel 71 the debtor consented to personal jurisdiction, it is indisputable that the defendants here are not subject to general jurisdiction in New York and there is a viable argument that they are not subject to specific jurisdiction in the underlying litigation. Moreover, defendants have maintained with some force that debt/res is not in New York.

If there are additional arguments that you can advance that resolve the Court's expressed concerns, we would welcome them.

For Defendants:

1. Defendants argue that the Court should exercise its discretion and deny the attachment because plaintiff has failed to describe an "identifiable risk that the defendant will not be able to satisfy the judgment." ECF No. 38 at 15-16. However, defendants have not set forth the mechanism which Mattel could utilize to collect a judgment in Hong Kong in the event that all of defendants' funds are located there. For example, is there a treaty between the United States and Hong Kong concerning the recognition and enforcement of foreign judgments in Hong Kong and a history of such recognition and enforcement?

2. The Court has been informed that restrictions other than the attachment have been placed on defendants' accounts at PayPal. Please clarify which entity — PayPal Inc., PayPal Hong Kong Limited, or another PayPal entity — attached the funds in defendants' accounts and which entity placed the additional restrictions on defendants' accounts.

3. Given the parties' arguments regarding the amount of the attachment, defendants are requested to promptly clarify exactly how many Day of the Dead dolls they sold. Relatedly, how many Day of the Dead dolls do defendants presently maintain in their inventory?

The Court would appreciate your responses as soon as possible, but in no event later than 4 PM EST on Monday, February 8, 2021.

Very truly yours,

*Naomi Reice Buchwald*

Naomi Reice Buchwald
United States District Judge