DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
437 MADISON AVENUE
NEW YORK, NEW YORK 10022

212-332-8300
212-332-8301 TELECOPIER

February 8, 2021

By ECF

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Mattel v. GoodMeNow
20-cv-11075 (NRB)

Dear Judge Buchwald,

We represent plaintiff Mattel, Inc., and are writing in response to the Court's letter dated and filed February 4, 2021, and transmitted through ECF on February 5, 2021, at 11:30 a.m.

I.  Jurisdiction to Attach Defendants' Funds at PayPal

The jurisdictional analysis of whether this Court has the authority to attach defendants' funds at PayPal, Inc. ("PayPal") turns on (A) whether PayPal, as a garnishee of defendants' funds, is subject to the personal jurisdiction of this Court, and (B) whether the Court's personal jurisdiction over PayPal, as a garnishee of the defendants' funds, provides a sufficient basis to allow the attachment of those funds.

A.  The Court's Personal Jurisdiction Over PayPal

PayPal has apparently changed its position with respect to the Court's order.  After receiving the Court's February 4, 2021, letter, I sent the e-mail attached as Exhibit A.  Today, I receive the e-mail and letter attached as Exhibit B.  While PayPal stated on January 20, 2021, that "all 11 accounts are restricted both (1) as a result of the TRO entered in your civil case and

Hon. Naomi Reice Buchwald
February 8, 2021
Page 2

(2) independently by PP pursuant to its own independent review of dispute activity and risk analysis related to the underlying accounts" (Dkt. 35-11 at 3/5), PayPal today stated "[t]hese limitations on access will remain in place as long as reasonably necessary as determined by PayPal, Inc." (Exhibit B)

This Court nevertheless has specific jurisdiction over PayPal, as a garnishee of defendants' funds, pursuant to New York's long-arm statute, CPLR § 302(a)(1), because part of those funds that Mattel seeks to attach resulted from defendants' and PayPal's purposeful transactions in New York, and the claims in this action arise out of those transactions.

NY CPLR § 302 provides:

"(a)  Acts which are the basis of jurisdiction.   As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state;…"

"To make a prima facie showing of jurisdiction [over a non-domiciliary] pursuant to section 302(a)(1), a plaintiff must establish, first, that defendant transacted business within the state of New York, and second that this action arises from that transaction of business." *Sullivan v. Jersey Strong Licensing LLC*, 2019 WL 3066492, at *2 (S.D.N.Y. July 12, 2019)(quoting *Royalty Network v. Dishant.com, LLC*, 638 F. Supp.2d 410, 417 (S.D.N.Y. 2009)).  Section 302 is a 'single act statute' and proof of one transaction in New York is sufficient to provide jurisdiction under that statute if the claim arose out of the transaction. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 167 (2d Cir. 2010)("Applying this standard, district courts in this circuit have concluded that the 'single act' of selling counterfeit goods into New York satisfies the long-arm statute under section 302(a)(1).").  To meet the requirements of due process, the party must have also purposefully directed their conduct toward New York.

Hon. Naomi Reice Buchwald
February 8, 2021
Page 3

The same analysis applies to garnishees. In *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 125–26 (2d Cir. 2014), the Court of Appeals held that the district court could enjoin the transfer of funds at a foreign bank if the district court had specific personal jurisdiction over the bank, stating that the foreign bank's "claim that the district court was without authority to issue orders restraining the defendants' assets pending adjudication, either because it lacks jurisdiction over the Bank or, alternatively, pursuant to the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999), is without merit. We vacate the August 23, 2011 and the May 18, 2012 orders, however, so that, on remand, the district court may consider whether it may exercise specific personal jurisdiction over the Bank to compel compliance with its orders and (if so) whether it should exercise such jurisdiction, properly applying principles of comity.")(Footnote omitted.).

Applying this analysis, this Court has specific personal jurisdiction over PayPal as a garnishee of defendants' funds.[1]  Xin Chen, the CEO of Yokawa admits Yokawa sold approximately 273 'Dolls' into New York. (Dkt. 32 at 2/13)  While defendants' use of the word "Doll" is vague, defendants have successfully resisted discovery. (Dkts. 39, 40, and 41)  In any event, PayPal took the money of Emily H. Jaquez  (Dkt. 24 at 2/3), and defendants did not deliver any product to her. (*Id.* and Tr. 1/19/21 at 44:4-45:4)  There is no evidence that any financial institution other than PayPal collected the proceeds of defendants' other sales into New York.  Part of defendants' funds that Mattel seeks to attach at PayPal resulted from defendants'

---

[1] To the best of counsel's knowledge, PayPal is not subject to the general jurisdiction of this Court under *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014).  PayPal is a Delaware corporation, with its principal place of business in California.  PayPal, however, is registered to do business in New York and has a designated agent for service of process in New York.  See Exhibit C.

Hon. Naomi Reice Buchwald
February 8, 2021
Page 4

sales to New York residents. Those funds at PayPal therefore bear a substantial relationship to Mattel's claims.

Regardless of whether the 273 "Dolls" sold into New York provide the basis for a counterfeiting claim, defendants' sales, and PayPal's collection of the amounts pursuant to to those sales, demonstrate purposeful conduct directed to New York. In *Chloe*, the Second Circuit found sufficient New York contacts based on the defendant's single New York sale of a "Chloe" brand bag, and at least 52 New York sales of bags bearing non-Chloe brands. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d at 163, 167 ("Accordingly, we conclude that the relevant minimum contacts between Queen Bee and New York include the more than fifty sales of [non-Chloé] designer handbags into New York and are not limited to the narrow subset of one sale that involved a Chloé handbag shipped to Plaintiffs–Appellants' New York law firm.").

PayPal's collection of the proceeds from all 273 "Doll" sales in New York is therefore sufficient to establish specific personal jurisdiction over PayPal as a garnishee under § 302(a)(1).

B.  The Legal Effect of the Court's Personal Jurisdiction Over PayPal.

Once the Court determines that it has personal jurisdiction over PayPal, as a garnishee of defendants' funds, the Court has authority under New York law to attach those funds. *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 926 N.E.2d 1202 (2010), is controlling. There, Hotel 71 loaned money to a non-party borrower, which defendants, including Mitchell, had guaranteed. After the borrower defaulted, Hotel 71 sued the guarantor defendants. While Mitchell was in New York for a deposition, Hotel 71 served Mitchell with an order attaching Mitchell's ownership interest in 22 limited liability companies, formed in Delaware, Georgia and Florida. After the New York County Supreme Court confirmed the attachment, and after the Appellate Division reversed on the ground that the situs of the debt was not in New York, the New York

Hon. Naomi Reice Buchwald
February 8, 2021
Page 5

Court of Appeals reversed the Appellate Division and ordered the confirmation of the attachment. The Court of Appeals held that Mitchell's property was subject to attachment in New York because the New York courts had personal jurisdiction over the Mitchell, stating, "under *Harris* [*v. Balk*, 198 U.S. 215 (1905)], where a creditor seeks to attach a debt (an intangible form of property) solely for security purposes (i.e., the debtor is subject to the court's personal jurisdiction), the situs of the debt is wherever the debtor is present." 14 N.Y.3d at 315. Quoting *Harris*, the New York Court of Appeals concluded "[w]e do not see the materiality of the expression 'situs of the debt,' when used in connection with attachment proceedings." Id.

While the garnishee, Mitchell, was also a defendant in the action, and while Mitchell was served in New York, nothing in the New York Court of Appeals' decision indicates that these facts were relevant to its holding. Under the Court's reasoning, the Court's power to attach the garnishee's property depended upon whether the Court had personal jurisdiction over the garnishee.

Accordingly, because the Court has personal jurisdiction over the defendants and over PayPal, the Court has authority to attach defendants' funds at PayPal.

Cursory research demonstrates that at least 20 judges in this District have (after the issuance of a TRO) entered an order (i) attaching, (ii) preliminarily enjoining the transfer of, or (iii) compelling the turnover of a defendant's funds held at PayPal.

- Judge Abrams

    *Elsevier Inc., et al., v. Han, et al.*, 16 Civ. 1245 (RA)(Mar. 28, 2018)(Dkt. 48)

- Judge Batts

    *Pearson Education, Inc. v. Henry Nugroho, et al.*, 08 Civ. 8034 (DAB)(May 22, 2009)(Dkt. 21)

- Judge Caproni

  *Pearson Education, Inc. v. Does 1-5*, 15 Civ. 2747 (VEC)(Apr. 23, 2015)(Dkt. 13)

- Judge Carter

  *Pearson Education, Inc., et al., v. Tan, et al.*, 16 Civ. 1246 (ALC)(Mar. 29, 2016)(Dkt. 19)

- Judge Castel

  *Mattel, Inc. v. 2013CheapBuy*, 18 Civ. 11647 (PKC)(Dec. 20, 2018)(Dkt. 10)

- Judge Englemayer

  *AllStar Marketing Group, LLC v. 53 Romantic House Store, et al.*, 20 Civ. 9072 (PAE)(Nov. 13, 2020)(Dkt. 6)

- Judge Failla

  *Mattel, Inc. v. Rosewholesale, et al.*, 19 Civ. 497 (KPF)(Jan. 31, 2019)(Dkt. 22)

- Judge Forrest

  *McGraw-Hill Global Education Holdings, LLC, et al. v. Does 1-11*, 16 Civ. 9029 (KBF)(Dec. 5, 2016)(Dkt. 13)

- Judge Furman

  *Elsevier Inc., et al., v. Luong, et al.*, 16 Civ. 1243 (JMF) (May 27, 2016)(Dkt. 21)

- Judge Gardephe

  *McGraw-Hill Global Education Holdings, LLC, et al. v. Khan, et al.*, 16 Civ. 9030 (PGG)(Dec. 5, 2016)(Dkt. 15)

- Judge McMahon

  *Pearson Education, Inc., et al., v. Gayathi, et al.*, 16 Civ. 1248 (CM)(Mar. 8, 2016)(Dkt. 19)

- Judge Oetken

  *Bang & Olufsen A/S v. 15626122961 et al.*, 20 Civ. 10416 (JPO)(Jan. 21, 2021)(Dkt. 13)

- Judge Preska

    *Mattel, Inc. v. Animefun Store, et al.*, 18 Civ. 8824 (LAP)(Oct. 18, 2018)(Dkt. 9)

- Judge Rakoff

    *Mattel, Inc. v. 86755, et al.*, 18 Civ. 8825 (PJC)(order entered by Rakoff, J.)(Dec. 17, 2018)(Dkt. 47)

- Judge Ramos

    *Pearson Education, Inc. et al., v. Ventura*, 13 Civ. 8236 (ER)(Feb. 10, 2014)(Dkt. 12)

- Judge Schofield

    *Shenzhen Smoore Technology Ltd. v. Anuonuo International Trade Company, et al.*, 19 Civ. 9896 (LGS)(Dec. 5, 2019) (Dkts. 25, 28)

- Judge Stanton

    *Elsevier, Inc., et al., v. 7YEC.com, et al.*, 20 Civ. 8438 (LLS)(Nov. 4, 2020)(Dkt. 45)

- Judge Sullivan

    *Pearson Education, Inc., et al., v. Jabber, et al.*, 16 Civ. 1244 (PAE)(RJS, by designation)(Mar. 8, 2016) (Dkt. 16)

- Judge Sweet

    *Pearson Education, Inc. et al., v. Amir*, 12 Civ. 7914 (RWS)(Nov. 7, 2012)(Dkt. 6)

- Judge Torres

    *AllStar Marketing Group, LLC v. *Warm Your House* Store, et al,*, 20 Civ. 8405 (AT)(Nov. 16, 2020)(Dkt. 24)

We have excluded multiple cases from the same judge.

We know of no decision denying a motion for an order of attachment of funds held at PayPal because the Court lacked personal jurisdiction over PayPal as a garnishee.

Hon. Naomi Reice Buchwald
February 8, 2021
Page 8

Such a decision would provide a roadmap for bad actors operating from foreign soil to avoid the consequences of scamming citizens of New York State, to the further detriment of brand owners and others.

II.     Personal Jurisdiction Over Defendants

Apart from the issue of whether the Court has personal jurisdiction over PayPal, the Court raised the issue of whether the Court has specific jurisdiction over defendants in this action.  (Dkt. 52 at 2/2)  Based upon no more than defendants' acceptance of payment from Emily H. Jaquez, Dkt. 24 at 2/3), defendants' operation of interactive websites, and defendants' admission of more than 270 sales into New York, controlling authority compels the conclusion that the Court can exercise personal jurisdiction over defendants. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 167 (2d Cir. 2010)("Applying this standard, district courts in this circuit have concluded that the 'single act" of selling counterfeit goods into New York satisfies the long-arm statute under section 302(a)(1)").

                                      Respectfully yours,

                                      William Dunnegan

Cc:  Katherine Burghardt Kramer, Esq. (By ECF)
      Jacob Chen, Esq. (By ECF)