

**DGW KRAMER LLP**
New York

DGW KRAMER LLP
One Rockefeller Plaza
Suite 1060
New York, NY 10020
www.dgwllp.com

Jacob Chen, Esq.
Katherine B. Kramer, Esq.
RongPing Wu, Esq.
jchen@dgwllp.com
kkramer@dgwllp.com
lwu@dgwllp.com
Tel:    (+1) 917 633 6860
Fax:    (+1) 917 633 6183

February 17, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>   Re:   Mattel Inc. v. The Entities Doing Business as Goodmenow at the URL
>         Goodmenow.com et al
>         1:20-cv-11075-NRB
>
>         Defendants' Letter Motion for Fees and Costs Pursuant to CPLR 6212(e)

Your Honor:

The following letter motion is made on behalf of Defendants (together, "Yokawa" or "Defendants"), seeking a conference regarding the appointment of a special master to award fees and costs pursuant to CPLR 6212(e) as a result of this Court's denial of Plaintiff's motion for attachment. *See* Order denying attachment (Doc. 55).

On or about December 30, 2020, Plaintiff Mattel, Inc. ("Plaintiff") moved for entry of a prejudgment attachment under FRCP 64 and CPLR 6201. The parties briefed the motion extensively, and on February 16, 2021, the Court denied the motion. *See* Doc. 55, p. 12-13 ("[D]efendants ask the Court to exercise its discretion to deny the prejudgment attachment . . . The Court agrees, and therefore vacates the order of attachment.").

In their opposition to Plaintiff's motion for attachment, Defendants sought an award of damages, costs, and fees in the event that the Court denied the attachment. In its order denying the attachment, the Court did not address this requested relief. *See* Doc. 55. In light of the Court's unambiguous denial of prejudgment attachment, Defendants renew their request for

DGW KRAMER LLP

Page 2
February 17, 2021

damages, costs, and fees pursuant to CPLR 6212(e).

Pursuant to CPLR 6212(e), "[t]he plaintiff <u>shall be liable</u> to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property. Plaintiff's liability shall not be limited by the amount of the undertaking." (Emphasis added.) Plaintiff is held strictly liable.

The temporary attachment caused serious financial harm to Yokawa's business, and Yokawa is entitled to those damages under CPLR 6212. In addition, Yokawa incurred extensive legal fees in opposing the motion for attachment.

Under the statute, in the event that a plaintiff was not entitled to an attachment, a plaintiff is "strictly liable for damages caused by a wrongful attachment" and also required to pay fees and costs. *Rashi Textiles, U.S.A. v. Rhomberg Textil Gesellschaft M.B.H., of Aus.*, 857 F. Supp. 1051, 1054 (S.D.N.Y. 1994). Dismissal of the attachment on any basis is sufficient to support an award of damages and attorney's fees. *See Correspondent Servs. Corp. v. J.V.W. Inv. Ltd.*, 524 F. Supp. 2d 412, 417 (S.D.N.Y. 2007) ("If the plaintiff elects to tie up the defendant's property during the litigation, the plaintiff should pay all of the defendant's expenses to free the property.") (citation omitted). The statute requires that the court award damages, including for attorneys' fees, without a showing of fault. *Bank of NY v. Nickel*, 14 A.D.3d 140, 149 (App. Div. 1st Dept. 2004). This award of damages and costs has an important deterrent effect against inappropriate or unnecessary attachments. *See, e.g., Winklevoss Capital Fund, LLC v. Shrem*, 360 F. Supp. 3d 251, 256 (S.D.N.Y. 2019) ("Here, while plaintiff failed to attach anywhere near the amount of property that it hoped to with the ex parte attachment order, it did receive such an order, pursue attachment for over a month, successfully attach some amount of property, and force the defendant to incur legal costs in seeking to vacate the attachment. This is exactly the kind of endeavor that Rule 6212(e) seeks to deter where there is no valid legal basis for attachment.").

The fact that the Court exercised its equitable powers under Rule 65 to issue a modest preliminary injunction does not change the fact that the Court <u>denied in its entirety</u> Plaintiff's requested prejudgment attachment under CPLR 6201.[1] As a result of that denial of the prejudgment attachment sought by Plaintiff, Defendants are entitled to damages under CPLR

---

[1] Indeed, Plaintiff expressly sought prejudgment relief only under Rule 64 and New York State attachment laws, not Rule 65. *See* Reply in Support of Motion for Attachment, Doc. 48, p. 5, n.1 ("Because Mattel is relying upon Fed. R. Civ. P. 64 and New York State attachment laws, *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Ind.*, 527 U.S. 308, 330-31 (1999), does not apply."). The case of *Grupo Mexicano* addressed preliminary injunctive relief under Rule 65. *See Grupo Mexicano*, 527 U.S. at 310 ("This case presents the question whether, in an action for money damages, a United States District Court has the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed.").

DGW KRAMER LLP

Page 3
February 17, 2021

6212 as a matter of strict liability.

  Yokawa Network therefore now seeks a conference concerning the appointment of a Special Master pursuant to Fed. R. Civ. P. 53(b) accordingly for the computation of damages, attorney's fees, and costs. Yokawa has submitted preliminary figures to support the calculation of damages for business harm, but those figures do not include attorney's fees and costs, and now that the attachment has been vacated, Yokawa can finalize the damage calculations. (Doc. 32, ¶ 25.) The appointment of a Special Master is a preferred method for calculating damages in the event of a wrongful attachment. *See, e.g., Am. Bank Note Corp. v. Daniele*, 2014 NY Slip Op 30033[U], *2 (Sup. Ct., NY County 2014) (special referee was assigned to compute damages as arising out of a wrongful attachment).

            Yours Truly,
            DGW Kramer LLP

            /s/ Jacob Chen
            By: Jacob Chen, Esq.
               Katherine Burghardt Kramer, Esq.
               RongPing Wu, Esq.
            One Rockefeller Plaza, 1060
            New York, NY 10020
            Telephone: 917-633-6860