DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
437 MADISON AVENUE
NEW YORK, NEW YORK 10022

212-332-8300
212-332-8301 TELECOPIER

February 22, 2021

By ECF

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Mattel v. Yokawa Network Limited
20-cv-11075 (NRB)

Dear Judge Buchwald,

      We represent plaintiff Mattel, Inc., and are writing in response to the February 17, 2021, letter of the attorneys for defendants seeking the appointment of a special master for an assessment of damages "as a result of this Court's denial of plaintiff's motion for attachment." (Dkt. 56 at 1/3)

I.      Because There Was No Attachment, There Is No Basis For An Assessment Of Damages.

      As the first sentence of defendants' letter demonstrates, there was no "attachment." Rather, there was a temporary restraining order, a modification of that temporary restraining order, and a denial of the attachment. Under CPLR § 6212(e), the damages must arise from the "attachment," not from a temporary restraining order. Accordingly, absent an order of attachment, there is no basis for a damage award. *McKinney's Practice Commentary*, CPLR. § 6212 ("As is true under subdivision (b), the damages remedy of subdivision (e) is not available unless an actual attachment occurs. *Salamanca Trust Co. v. McHugh*, 1989, 156 A.D.2d 1007, 550 N.Y.S.2d 764 (4th Dep't) (plaintiff applied for attachment but court never signed order and no property was levied upon)."

      Even if we assume that the January 22, 2021, order was an "attachment" under CPLR § 6212(e), based upon the language in its first decretal paragraph (Dkt. 37 at 2/3), then defendants should not be allowed to obtain any damages resulting from that order because defendants consented to (indeed solicited) the entry of that order. (Dkt. 29) Any damages from any attachment were therefore self-inflicted.

II.     The Application Should Be Deferred So That
       Discovery Can Be Taken On The Issues Presented.

      The declaration of Xin Cheng filed January 20, 2021, appears to seek more than $5,000,000 in damages. (Dkt. 32, at 5-6/13) Because of the magnitude of this claim, Mattel

Hon. Naomi Reice Buchwald
February 22, 2021
Page 2

would seek, and should be entitled to, discovery concerning this claim.  Because this would require an extensive examination of defendants' business practices, efficiency should dictate that discovery proceed in one phase rather than two.  For example, we see no need for two depositions of Xin Cheng.

      In addition, there should be no immediate need to determine this issue.  A judgment pursuant to Rule 54(b), to allow defendants to recover any amount from Mattel before a resolution of Mattel's claims against defendants, would not be in the interests of justice.  In that event, any amount that defendants seek under CPLR § 6212(e), may be required to be determined by a jury, and would simply offset Mattel's recovery.

                                     Sincerely yours,

                                     William Dunnegan

Cc:  Katherine Burghardt Kramer, Esq.
       Jacob Chen, Esq.