

DGW KRAMER LLP
One Rockefeller Plaza
Suite 1060
New York, NY 10020
www.dgwllp.com

Jacob Chen, Esq.
Katherine B. Kramer, Esq.
RongPing Wu, Esq.
jchen@dgwllp.com
kkramer@dgwllp.com
lwu@dgwllp.com
Tel:   (+1) 917 633 6860
Fax:   (+1) 917 633 6183

February 26, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    Mattel Inc. v. The Entities Doing Business as Goodmenow at the URL
              Goodmenow.com et al
              1:20-cv-11075-NRB

              Defendants' Letter in Reply

Your Honor:

      The following letter motion is made on behalf of Defendants (together, "Yokawa" or "Defendants"), in reply in response to the letter submitted by Plaintiff on February 22, 2021.

      Plaintiff's position is that Defendants are not entitled to damages because there was no "attachment" and that there was only a temporary restraining order. Plaintiff's position is incorrect. Attached as Exhibit A is a copy of the order as issued by the Court in response to Plaintiff's application. The order states as follows:

      "ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR §§ 6201 and 6210, pending the hearing on Mattel's application for an order of prejudgment attachment, the funds of each Defendant at Pay Pal, including but not limited to the PayPal account(s) connected to the email addresses support@24dzservice.com **be, and hereby are, attached**"

                                        (Exhibit A, 3) (emphasis added).

DGW KRAMER LLP

Page  2
February 26, 2021

     Plaintiff submitted a proposed order to show cause to the Court seeking an attachment, and that order was signed by the Court. And therefore, Plaintiff's position that there was no attachment is simply incorrect.

     The entire purpose of allowing a plaintiff to obtain a temporary restraining order *instead of* an attachment is "to encourage plaintiffs to make the motion for attachment on notice rather than invariably resort to the ex parte method." *See* C.P.L.R. § 6210, Practice Commentaries; *Winklevoss Capital Fund, LLC v Shrem*, 360 F Supp 3d 251, 256 [SDNY 2019] (Where the Court initially granted ex parte attachment of assets, and then vacated the attachment following full briefing and oral arguments, and held that the defendant was entitled to attorneys' fees and costs incurred.). Here, rather than proceed by notice of motion, Plaintiff opted to see an ex parte attachment of Defendants' accounts, *received* the relief requested, and are now trying to evade responsibility.

     Furthermore, even had the Court merely issued a temporarily restraining order and not also the attachment that Plaintiff requested, Defendant is still entitled to damages associated with vacating the temporary restraining order, pursuant to New York Civil Practice Law and Rules ("CPLR") 6313(c). *See Globex Intl. Inc. v Commercial Bank of Namib. Ltd.*, 1999 US Dist LEXIS 19378, at *4 [SDNY Dec. 17, 1999, 99 Civ. 4789 (JSM)] (Where the Court issued a temporary restraining order which was vacated and ordered the plaintiff to pay damages including legal fees and disbursement costs.).

     With respect to Plaintiff's request that the application be deferred, Defendants see no reason for that to be the case. Defendants suffered significant harmed as a result of Plaintiff's ex-parte attachment, and was forced to expend significant legal fees to vacate the attachment. Allowing Plaintiff to defer payment of damages does nothing but reward Plaintiff for their strong-arm tactics, which will only encourage them to continue doing so, to the detriment of justice especially for smaller defendants with fewer resources. Allowing Plaintiff to defer determination of damages would go against the statutory scheme.

     Wherefore for these reasons, Defendants respectfully request a conference for the appointment of a special masters accordingly.

                             Yours Truly,
                             DGW Kramer LLP

                             /s/ Jacob Chen
                             By:    Jacob Chen, Esq.
                                     Katherine Burghardt Kramer, Esq.
                             One Rockefeller Plaza, 1060
                             New York, NY 10020
                             Telephone: 917-633-6860