DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
437 MADISON AVENUE
NEW YORK, NEW YORK 10022

212-332-8300
212-332-8301 TELECOPIER

March 2, 2021

<u>By ECF</u>

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

                    Re: <u>Mattel v. Yokawa Network Limited</u>
                          20-cv-11075 (NRB)

Dear Judge Buchwald,

      We represent Mattel, Inc. and are writing, in response to the letter of Jacob Chen, Esq. filed February 26, 2021 (Dkt. 60), to make two points.

I.

      The December 30, 2020, order, despite its use of the word "attached" (Dkt. 19 at 3/4), was not an "order of attachment" within the meaning of CPLR § 6212(e).

      An "order of attachment" requires that some governmental officer be directed to take possession of the defendant's property.  CPLR § 6211(a) provides "[t]he order shall direct the sheriff to levy within his jurisdiction, at any time before final judgment, upon such property in which the defendant has an interest and upon such debts owing to the defendant as will satisfy the amount specified in the order of attachment." In *Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp. N.V.*, 28 F. Supp.2d 126, 146 (S.D.N.Y. 1998), *aff'd,* 205 F.3d 1323 (2d Cir. 1999), Judge Haight stated:

> "Restricting the statutory availability of damages to those occasioned by the actual encumbrance of property is also consistent with the potential harm sought to be redressed by the provision. The harsh nature of the attachment remedy consists of the 'dispossession' of the property 'of the owner prior to adjudication to determine the rights of the parties….' Because the fundamentally troublesome consequence of the attachment remedy constitutes the dispossession of property, it is a reasonable inference that the damages available to compensate for that harm would be limited to those arising from that encumbrance."

Hon. Naomi Reice Buchwald
March 2, 2021
Page 2

The December 30, 2020, order did not direct the taking of any property from the defendants or their garnishee. The use of the word "attached" in that order therefore had no greater effect than use of the word "restrained," which we should have used. See *Salamanca Trust Co. v. McHugh*, 156 A.D.2d 1007, 550 N.Y.S.2d 764, 765 (4th Dep't 1989)("Defendant Mrs. McHugh conceded that no order of attachment was issued and no property was attached. Under the circumstances, the court's oral decision to grant the *ex parte* motion did not amount to an actual order of attachment. The mere fact that property has been subjected to some form of restraint does not serve as a basis for the statutory claim of wrongful attachment. Damages are not recoverable under the statute unless the property is actually attached.")(Internal citations omitted.).

Accordingly, there can be no damages under CPLR § 6212(e) resulting from an "order of attachment."

II.

Defendants' new argument in its reply – that there should be damages resulting from the issuance of a TRO based upon CPLR § 6313 – would only allow damages to the extent of the undertaking, $5,000. CPLR § 6212(e), concerning attachment, modifies the general rule that the undertaking limits the amount of damages that can be awarded. The last sentence of CPLR § 6212(e) provides "Plaintiff's liability shall not be limited by the amount of the undertaking." CPLR § 6313, which allows damages from the improper entry of a TRO, contains no such exception. This omission of this exception from CPLR § 6313 should demonstrate that the exception does not apply and that the undertaking limits the damages that can be awarded. See *Crown Wisteria, Inc. v. F.G.F. Enterprises Corp.*, 168 A.D.2d 238, 241, 562 N.Y.S.2d 616, 618 (1st Dep't 1990)("However, in the absence of a showing of bad faith on the part of Reed and FGF amounting to malicious prosecution, damages arising from improperly issued injunctive relief are only recoverable in an action on the undertaking."); *Doran & Assocs., Inc. v. Envirogas, Inc.*, 112 A.D.2d 766, 768, 492 N.Y.S.2d 504, 506 (4th Dep't 1985).

                                              Respectfully yours,

                                              William Dunnegan

Cc:  Katherine Burghardt Kramer, Esq.
      Jacob Chen, Esq.