UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
MATTEL, INC.,

                    Plaintiff,


              - against -                    **MEMORANDUM AND ORDER**

THE ENTITIES DBA GOODMENOW AT THE            20 Civ. 11075 (NRB)
URL GOODMENOW.COM, THE ENTITIES
DBA MEETGOODTIMES AT THE URL
MEETGOODTIMES.COM, THE ENTITIES
DBA FEELITNICE AT THE URL
FEELITNICE.COM; THE ENTITIES DBA
THE PAYPAL MERCHANT YOKAWA
NETWORK LTD., JOHN DOE NOS. 1-5,
AND ABC ENTITY NOS. 1-5,

                    Defendants.
--------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Plaintiff Mattel, Inc. ("Mattel" or "plaintiff") commenced

this trademark infringement, counterfeiting, and copyright

infringement action after it learned that defendants, the

operators of a number of websites, were selling and depicting "Day

of the Dead" dolls bearing Mattel's "Barbie" trademark in violation

of its trademark and copyrights.

     On December 30, 2020, this Court signed an Order to Show Cause

which contained a preliminary order of attachment providing for

the attachment of defendants' accounts at PayPal Inc. ("PayPal")

and a temporary restraining order ("TRO"), which enjoined

defendants from, <u>inter alia</u>, withdrawing funds from PayPal.  ECF

1

No. 19 at 3.   Upon serving the Order to Show Cause on PayPal, plaintiff attached over $5 million of defendants' money held across eleven PayPal accounts.

On the return date for the Order to Show Cause, January 11, 2021, defendants filed notices of appearance.   ECF Nos. 20-21. During the telephonic hearing that day, defendants expressed their intention to oppose the request for an attachment and injunction. In accordance with a schedule proposed by the parties, ECF No. 27, the parties briefed the motion for preliminary relief between January 11 and February 8, 2021.   ECF Nos. 22, 38, 48, 53, 54.

On January 14, 2021, defendants asked the Court to modify its order to exclude certain PayPal accounts from the attachment, arguing that the scope of the initial attachment inhibited its ability to conduct business, and exceeded by far any recovery that plaintiff could reasonably anticipate.   ECF No. 29.   The parties subsequently filed a series of letters on the proposed modification, ECF Nos. 30-35, one of which appended a letter from PayPal that revealed that PayPal had independently restricted defendants' accounts based on "its own independent review of the dispute [sic] activity and risk analysis related to the underlying accounts."   ECF No. 35-10.   PayPal stated that it was not known when PayPal would lift these restrictions.   Id.

On January 22, 2021, following a telephonic hearing on January 21, 2021, the Court entered an amended order of attachment, which

directed PayPal to reduce the attachment to $2.8 million of defendants' funds, which amount would be sufficient to cover damages if plaintiff were successful on each of its claims and obtained the maximum possible statutory damages plus attorney's fees.  ECF No. 37.

On February 13, 2021, this Court issued a Memorandum and Order addressing defendants' request to vacate the preliminary attachment.  In that decision, we exercised our discretion to vacate the temporary attachment order after we were satisfied, based on additional requested briefing, that such an order was not necessary to ensure plaintiff's ability to collect a judgment. ECF No. 55 at 14.  Moreover, we affirmed the injunctive relief provided for in the order.  However, we modified the injunction so that it was consistent with the law requiring that the injunction restrain only those assets that would account for a disgorgement of defendants' profits.  Id. at 19-21.

Plaintiff now requests the appointment of a special master to award damages, fees, and costs pursuant to N.Y. C.P.L.R. § 6212(e), which provides that "[t]he plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property."  For the reasons below, the Court denies

defendants' request.

## DISCUSSION

We recognize that the purpose of Section 6212(e) is to "deter where there is no valid legal basis for attachment." _Winklevoss Cap. Fund, LLC v. Shrem_, 360 F. Supp. 3d 251, 256 (S.D.N.Y. 2019). However, this not a case where there was no legal basis for the plaintiff to seek and obtain an order to show cause containing a temporary order of attachment and a temporary restraining order. As we found in our Memorandum and Order, plaintiff met all of the statutory requirements for an attachment pursuant to Section 6212(a): there is a cause of action; plaintiff is likely to succeed on the merits; defendant is a "nondomiciliary residing without the state"; and the claim exceeds any known counterclaim.   ECF No. 55 at 10-12.   Rather, our decision to vacate the attachment was an exercise of discretion reached only after defendants provided assurances that judgments obtained in the United States are routinely enforced and accorded full faith and credit in Hong Kong.   _Id._ at 14.   We note, however, that defendants provided these assurances only after we requested additional briefing from defendants on the issue of whether an attachment was necessary as a matter of security, i.e., whether it was necessary to enforce a judgment.   ECF No. 52.

Apart from the fact that defendants clarified this issue only because the Court requested additional briefing from defendants,

the context of the initial request for temporary relief pursuant to the Order to Show Cause, which contained the request for a preliminary attachment, must be kept in mind.  When filing the suit, plaintiff knew virtually nothing about the defendants other than that they were foreign entities selling plaintiff's trademarked merchandise on the internet.  Plaintiff did not have access to information that would be available concerning a brick-and-mortar United States-based company.  Plaintiff could not know whether defendants would even appear, whether defendants had meaningful assets, or whether those assets were located in a jurisdiction that would enforce a judgment entered by an American court.  Most importantly, plaintiff had no way of knowing the amount of money that PayPal held or that defendants purportedly maintained significant operating capital in their PayPal accounts. Nor did plaintiff mislead the Court in any way to obtain the Court's signature on the Order to Show Case and thus obtain the temporary relief ordered.  In short, plaintiff did not act in bad faith or without legal basis.

Defendants' motion also fails to address the dual realities that resulted in the temporary attachment having no practical impact.  See E.T.I. Euro Telecom Int'l N.V. v. Republic of Bolivia, No. 08 Civ. 4247, 2008 WL 5170168, at *1 (S.D.N.Y. Dec. 9, 2008) (citing Correspondent Servs. Corp. v. J.V.W. Investment Ltd., 524 F. Supp. 2d 412, 416 (S.D.N.Y. 2007)) (damages must be "the natural

and proximate consequence of the wrongful attachment"). First, PayPal had independently restricted defendants' eleven accounts and it was not known when those restrictions would be lifted. <u>See</u> ECF No. 35-10 (letter indicating that PayPal itself independently restricted defendants' accounts, making clear that it did so based on "its own independent review of the dispute [sic] activity and risk analysis related to the underlying accounts."). Second, defendants ignore the temporary restraint in the Order to Show Cause, issued pursuant to Federal Rule of Civil Procedure 65, which prevented defendants "from transferring, withdrawing or accepting any funds from any account of any Defendant at PayPal." ECF No. 19 at 3; <u>see also</u> ECF No. 37 at 2. Thus, with or without the attachment, defendants were enjoined from accessing their PayPal accounts even if PayPal had been inclined to release their funds, which apparently it was not.

Finally, even if there were merit to defendants' motion, their effort to pin a panoply of damages on plaintiff when they did not enter an appearance until the return date on the Order to Show Cause, did not suggest the winning argument in their efforts to vacate the attachment, and agreed to a briefing schedule on the motion for an attachment lasting 20 days — thus belying the urgency of accessing the total amount of the attached funds — seems seriously misplaced.

In sum, for the reasons set forth above, defendants' motion is denied.  An award of damages, attorney's fees or costs would be unreasonable in these unique circumstances.  See <u>Astra Oil Trading NV v. PRSI Trading Co. LP</u>, 794 F. Supp. 2d 462, 475 (S.D.N.Y. 2011).

**SO ORDERED.**

DATED:    New York, New York
          April 12, 2021

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE