UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MATTEL, INC.,

                            Plaintiff,

   -against-                                        1:20-cv-11075-NRB

YOKAWA NETWORK LIMITED, XIN CHENG, XING CHENG, THE ENTITIES DOING BUSINESS AS GOODMENOW AT THE URL GOODMENOW.COM, THE ENTITIES DOING BUSINESS AS MEETGOODTIMES AT THE URL MEETGOODTIMES.COM, THE ENTITIES DOING BUSINESS AS FEELITNICE AT THE URL FEELITNICE.COM, THE ENTITIES DOING BUSINESS AS THE PAYPAL MERCHANT YOKAWA NETWORK LIMITED, JOHN DOE NOS. 1-5, AND ABC ENTITY NOS. 1-5,

                            Defendants.
------------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT AND COUNTER-CLAIMS**

      Defendants Yokawa Network Limited, the Entities Doing Business as GoodMeNow at the URL goodmenow.com, the Entities Doing Business as MeetGoodTimes at the url meetgoodtimes.com, the Entities Doing Businiess as FeelItNice at the url feelitnice.com, and the Entities Doing Business as the PayPal merchant Yokawa network (collectively "Yokawa" or Defendants)[1], by and through their attorneys DGW Kramer LLP, as and for its Answer to the Amended Complaint, filed February 1, 2021, (the Amended Complaint), state as follows:

      1.     Defendants deny the allegations of Paragraph 1 of the Amended Complaint.

      2.     The allegations of Paragraph 2 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

---

[1] Defendants Xing Cheng or Xin Cheng have not been served to date and therefore do not participate in this Answer to Amended Complaint and Counterclaims.

1

3. The allegations of Paragraph 3 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

4. The allegations of Paragraph 4 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

5. Defendants are without knowledge or information with respect to the allegations of Paragraph 5 of the Amended Complaint and therefore on that basis, deny the allegations.

6. Defendants admit the allegations of Paragraph 6 of the Amended Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Amended Complaint.

13. Defendants are without knowledge or information with respect to the allegations of Paragraph 13 of the Amended Complaint and therefore on that basis, deny the allegations.

14. Defendants are without knowledge or information with respect to the allegations of Paragraph 14 of the Amended Complaint and therefore on that basis, deny the allegations.

15. Defendants are without knowledge or information with respect to the allegations of Paragraph 15 of the Amended Complaint and therefore on that basis, deny the allegations.

16. Defendants are without knowledge or information with respect to the allegations of Paragraph 16 of the Amended Complaint and therefore on that basis, deny the allegations.

17. Defendants are without knowledge or information with respect to the allegations of Paragraph 17 of the Amended Complaint and therefore on that basis, deny the allegations.

18. Defendants are without knowledge or information with respect to the allegations of Paragraph 18 of the Amended Complaint and therefore on that basis, deny the allegations.

19. Defendants are without knowledge or information with respect to the allegations of Paragraph 19 of the Amended Complaint and therefore on that basis, deny the allegations.

20. Defendants are without knowledge or information with respect to the allegations of Paragraph 20 of the Amended Complaint and therefore on that basis, deny the allegations.

21. Defendants are without knowledge or information with respect to the allegations of Paragraph 21 of the Amended Complaint and therefore on that basis, deny the allegations.

22. Defendants are without knowledge or information with respect to the allegations of Paragraph 22 of the Amended Complaint and therefore on that basis, deny the allegations.

23. Defendants are without knowledge or information with respect to the allegations of Paragraph 23 of the Amended Complaint and therefore on that basis, deny the allegations.

24. Defendants are without knowledge or information with respect to the allegations of Paragraph 24 of the Amended Complaint and therefore on that basis, deny the allegations.

25. Defendants admit the allegations of Paragraph 25 of the Amended Complaint with respect to solely Yokawa.

26. Defendants deny the allegations of Paragraph 26 of the Amended Complaint.

27. Defendants are without knowledge or information with respect to the allegations of Paragraph 27 of the Amended Complaint and therefore on that basis, deny the allegations.

28. Defendants deny the allegations of Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Amended Complaint.

30. Defendants are without knowledge or information with respect to the allegations of Paragraph 30 of the Amended Complaint and therefore on that basis, deny the allegations.

31. Defendants deny the allegations of Paragraph 31 of the Amended Complaint.

32. The allegations of Paragraph 32 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

33. Defendants are without knowledge or information with respect to the allegations of Paragraph 33 of the Amended Complaint and therefore on that basis, deny the allegations.

34. Defendants are without knowledge or information with respect to the allegations of Paragraph 34 of the Amended Complaint and therefore on that basis, deny the allegations.

35. Defendants are without knowledge or information with respect to the allegations of Paragraph 35 of the Amended Complaint and therefore on that basis, deny the allegations.

36. Defendants deny the allegations of Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

44. The allegations of Paragraph 44 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

45. Defendants deny the allegations of Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Amended Complaint.

50. The allegations of Paragraph 50 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

51. Defendants deny the allegations of Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Amended Complaint.

57. The allegations of Paragraph 57 of the Amended Complaint do not call for an answer. To the extent that it does, Defendants deny the allegations.

58. Defendants deny the allegations of Paragraph 58 of the Amended Complaint.

59. Defendants are without knowledge or information with respect to the allegations of Paragraph 59 of the Amended Complaint and therefore on that basis, deny the allegations.

60. Defendants are without knowledge or information with respect to the allegations of Paragraph 60 of the Amended Complaint and therefore on that basis, deny the allegations.

61. Defendants deny the allegations of Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations of Paragraph 612of the Amended Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Amended Complaint.

66. Defendants are without knowledge or information with respect to the allegations of Paragraph 66 of the Amended Complaint and therefore on that basis, deny the allegations.

67. Defendants are without knowledge or information with respect to the allegations of Paragraph 67 of the Amended Complaint and therefore on that basis, deny the allegations.

68. Defendants deny the allegations of Paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations of Paragraph 72of the Amended Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Defendants' alleged use of the mark, if done, was in a descriptive sense and constitute fair use.

2. Defendants' alleged use of the mark, if done, was not intentional or willful infringement of Plaintiff's mark.

3. Plaintiff's mark has attained generic status and "Barbie" is now a generic term with respect to application to dolls.

4. Plaintiff's claims are barred for failure to state a claim.

5. Plaintiff's claims are barred by the statute of limitations, if applicable.

6. Defendants reserve the right to update and amend their affirmative defenses as additional grounds are discovered or identified.

## COUNTERCLAIMS

1. Yokawa, as defined above, is a Hong Kong based e-commerce company that is engaged in the sale of products through the Internet.

2. Yokawa is located in Hong Kong, SAR, China, and does not have its own business operations physically located in the United States.

3. Yokawa sells more than 100 different products under more than 84,000 different SKUs (stock keeping units).

4. In the fourth quarter of 2020, Yokawa's revenue was more than $19 million USD.

5. Based on its projections, Yokawa anticipated earning more than $27 million USD in the first quarter of 2021.

6. Yokawa operated its business through PayPal Hong Kong as its sole payment service provider.

7. One of the over 100 different products that Yokawa has sold is a "Day of the Dead" doll (the "Product"), which Yokawa sold for a brief period of time in the fall of 2020.

8. Yokawa sold the Product from approximately October 21, 2020, through about November 3, 2020, for a period of about two weeks.

9. Yokawa chose to stop selling the Product in early November, before receiving any contact from Mattel.

10. Altogether Yokawa sold approximately 3,149 items of the Product, generating total revenue of approximately $131,764.36, at an estimated 10% profit margin for total profits of $13,176.44.

11. In or around December 2020, Plaintiff commenced this action against the originally-named defendants in this action and sought to obtain from the Court an attachment with respect to *all* of Yokawa's PayPal accounts.

12. Upon information and belief, Plaintiff did not perform any due diligence prior to initiating its action or its seeking of injunctive relief, or perform any pre-complaint discovery. It did not serve Yokawa with any sort of cease and desist letter or make any effort to ascertain the scope of the alleged infringement. It did not seek to curtail the scope of the remedy requested to match the scope of the alleged infringement and instead sought an attachment of all of Yokawa's PayPal accounts in their entirety, whether or not those accounts had any relationship to the alleged infringing sales.

13. On January 4, 2021, Judge Naomi Buchwald issued temporary preliminary injunctive relief, awarding Plaintiff with an attachment of all Yokawa's PayPal accounts.

14. Plaintiff then served the order of attachment on non-party PayPal. PayPal responded by freezing all of Yokawa's Hong Kong PayPal accounts, none of which were in the United States, and the majority of which had no relationship to the alleged infringement.

15. This resulted initially in the freezing of eleven (11) of Yokawa's PayPal accounts which led to the locking up of approximately $5.1 million in assets.

16. Plaintiff opposed Yokawa's application for a downward adjustment or any modification of the order of attachment or temporary restraining order.

17. Because of the freezing of Yokawa's PayPal accounts, Yokawa was unable to conduct any business and experienced a massive and ruinous financial loss.

18. On January 22, 2021, Judge Buchwald revised the initial attachment order and limited it to $2.8 million.

19. Following a full and complete briefing of the matter, including oral arguments, on February 8, 2021, Judge Buchwald vacated the order of attachment completely and imposed a limited preliminary injunction, requiring Yokawa to maintain a PayPal balance of at least $13,176.44.

20. In order to obtain a vacating of the order of attachment, Yokawa was forced to expend significant legal fees on multiple written briefs and oral arguments.

21. In addition, and throughout this process, Plaintiff through counsel reached out to PayPal directly and made multiple false and defamatory accusations about Yokawa and Yokawa's business practices.

22. These misstatements accused Yokawa of running a false business that did not actually sell goods and products and falsely claimed Yokawa was a fraudulent enterprise.

23. The statements were made to PayPal directly in and around January of 2021.

24. Plaintiff made no effort to ascertain the truth of these allegations and made these statements with reckless disregard for their truth.

25. These representations were made with the intent of sabotaging Yokawa's business and of inducing PayPal to cease doing business with Yokawa. Upon information and belief, they were conducted with the wrongful intent of forcing Yokawa into a settlement and were carried out in an effort as a "shakedown."

26. As a consequence of Plaintiff's direct and defamatory communications to PayPal, PayPal decided to cease doing business with Yokawa, resulting in a collapse of Yokawa's business, along with massive damages and irreparable harm to Yokawa's business reputation.

### COUNT I – STRICT LIABILITY

27. Yokawa repeats and realleges each and every allegation in the Counter Claims portion of this answer as set forth in above.

28. Plaintiff in this action sought and obtained an order of attachment as to and against Yokawa.

29. Plaintiff's order of attachment was vacated in full by this Court.

30. The order of attachment was wrongfully issued for among other reasons, that all of the assets that were subject to attachment were located in Hong Kong and outside of the jurisdiction of this Court and therefore were not legally subject to attachment.

31. In order to obtain a vacatur of the order of attachment, Yokawa was required to and did in fact expend legal fees.

32. In addition, as a direct consequence of Plaintiff obtaining and seeking enforcement of the order of attachment that was later vacated, Yokawa suffered economic harm including a loss of revenue and shutdown of its business.

33. Wherefore, Plaintiff are strictly liable for all damages under both New York State and Federal Law in an amount to be determined at trial but of not less than $10,000,000 including attorney's fees incurred for the purposes of vacating the order of attachment and for actual damages including lost profits.

## COUNT II – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

34. Yokawa repeats and realleges each and every allegation in the Counterclaims portion of this answer as set forth in above.

35. Plaintiff was aware of an ongoing business relationship between Yokawa and non-party PayPal which Yokawa used as its primary payment service provider.

36. Plaintiff made false and defamatory statements to PayPal directly about Yokawa and the nature of Yokawa's business for the purposes of inducing PayPal to discontinue providing services to Yokawa.

37. These misstatements accused Yokawa of running a false business that did not actually sell goods and products and falsely claimed Yokawa was a fraudulent enterprise.

38. The statements were made to PayPal directly in and around January of 2021.

39. Plaintiff made no effort to ascertain the truth of these allegations and made these statements with reckless disregard for their truth.

40. Plaintiff's conduct was successful and resulted in PayPal discontinuing its providing services to Yokawa, causing significant damages to Yokawa's business and operations.

41. Plaintiff's conduct was deliberate and done with the intent of sabotaging Yokawa's business to obtain economic leverage in order to shakedown Yokawa for money.

42. Wherefore, Plaintiff is liable to Yokawa for in an amount to be determined at trial of not less than $30,000,000.

**COUNT III – DEFAMATION**

43. Yokawa repeats and realleges each and every allegation in the Counterclaims portion of this answer as set forth in above.

44. Plaintiff made false and defamatory statements to PayPal directly about Yokawa and the nature of Yokawa's business for the purposes of inducing PayPal to discontinue providing services to Yokawa.

45. These misstatements accused Yokawa of running a false business that did not actually sell goods and products and falsely claimed Yokawa was a fraudulent enterprise.

46. The statements were made to PayPal directly in and around January of 2021.

47. Plaintiff made no effort to ascertain the truth of these allegations and made these statements with reckless disregard for their truth.

48. Plaintiff's conduct was successful and resulted in PayPal discontinuing its providing services to Yokawa, causing significant damages to Yokawa's business and operations.

49. Plaintiff's conduct was deliberate and done with the intent of sabotaging Yokawa's business to obtain economic leverage in order to shakedown Yokawa for money.

50. Wherefore, Plaintiff is liable to Yokawa for in an amount to be determined at trial of not less than $30,000,000.

WHEREFORE, Yokawa demands judgment dismissing Plaintiff's claims, and for damages against Plaintiff in favor of Yokawa in the amount of $10,000,000 on Count I,

$30,000,000 on Count II and $30,000,000 on Count III, its costs, expenses, and reasonable attorney's fees, and for such other and further relief as the Court may see fit.

Dated: New York, New York
June 24, 2021

DGW Kramer LLP

By /s/ Jacob Chen
   Jacob Chen
   jchen@dgwllp.com
   Katherine Burghardt Kramer
   kkramer@dwllp.com
   Rongping Wu
   lwu@dgwllp.com
Attorneys for Defendants
One Rockefeller Plaza, Suite 1060
New York, NY 10020
(917) 633-6860