UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| MATTEL, INC., | : | |
| Plaintiff, | : | |
| - against - | : | 20 Civ. 11075 (NRB) |
| YOKAWA NETWORK LIMITED, XIN CHENG, XING CHENG, THE ENTITIES DOING BUSINESS AS GOODMENOW AT THE URL GOODMENOW.COM, THE ENTITIES DOING BUSINESS AS MEETGOODTIMES AT THE URL MEETGOODTIMES.COM, THE ENTITIES DOING BUSINESS AS FEELITNICE AT THE URL FEELITNICE.COM, THE ENTITIES DOING BUSINESS AS THE PAYPAL MERCHANT YOKAWA NETWORK LIMITED, JOHN DOE NOS. 1-5, AND ABC ENTITY NOS. 1-5, | : | ECF Case |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REPLY TO COUNTERCLAIM AND JURY DEMAND

Plaintiff Mattel, Inc. ("Mattel"), for its reply to the counterclaim of defendants Yokawa Network Limited ("Yokawa"):

1.  Denies knowledge sufficient to form a belief as to the truth of these allegations in paragraph 1, and therefore denies them, except admits that at one time Yokawa was engaged in offering for sale products over the Internet and obtaining money for those products.

2.  Admits the allegations in paragraph 2.

3.  Denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4. Denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5. Denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6. Denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7. Denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them, except admits that Yokawa accepted revenue for a product described as the Day of the Dead doll.

8. Denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Admits the allegations in paragraph 11.

12. Denies the allegations in the first sentence of paragraph 12.  Denies the allegations in second and third sentences of paragraph 12, except admits that Mattel did not send a cease and desist letter to Yokawa.

13. Denies the allegations set forth in paragraph 13, except admits that Hon. Naomi Reice Buchwald did issue a temporary restraining order restraining Yokawa's accounts at PayPal, Inc. ("PayPal").

14. Admits the allegations in paragraph 14, except denies that the order Mattel served on PayPal was an order of attachment.

15. Admits the allegations in paragraph 15, except denies that the order Mattel served on PayPal was an order of attachment.

16. Denies the allegation in paragraph 16.

17. Denies the allegation in paragraph 17.

18. Denies the allegations set forth in paragraph 18, except admits that Hon. Naomi Reice Buchwald did modify the temporary restraining order.

19. Denies the allegations in paragraph 19, except admits that Hon. Naomi Reice Buchwald did vacate a temporary restraining order issued on the basis of New York state law and did enter a preliminary injunction on the basis of federal law.

20. Denies the allegations in paragraph 20, except admits that Yokawa has incurred attorneys' fees in this action.

21. Denies the allegations in paragraph 21, except admits that counsel for Mattel did communicate with outside counsel for PayPal concerning this action.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23, except admits that counsel for Mattel did communicate with counsel for PayPal concerning this action in January 2021.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. With respect to paragraph 27, repeats the responses set forth above.

28. Denies the allegations in paragraph 28, except admits that Mattel sought an order of attachment.

29. Denies the allegations in paragraph 29, except admits that this Court did vacate a temporary restraining order that was issued on the basis of New York state law and did enter a preliminary injunction on the basis of federal law.

30. Denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31, except admits that Yokawa did incur legal fees in this action.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. With respect to paragraph 34, repeats the responses set forth above.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. With respect to paragraph 43, repeats the responses set forth above.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

50. Denies the allegations in paragraph 50.

Affirmative Defenses

1. Yokawa has failed to state a claim for relief.

2. Yokawa has failed to mitigate its alleged damages by contracting with a payment processor other than PayPal.

WHEREFORE, Mattel demands judgment:

a. Granting the relief sought in the amended complaint;

b. Dismissing the counterclaims with prejudice and with costs;

c. Granting such other and further relief as to this Court seems just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mattel hereby demands a trial by jury of all issues in this action, including the counterclaims, that are so triable.

Dated: New York, New York
July 15, 2021

DUNNEGAN & SCILEPPI LLC

By /s/ William Dunnegan
William Dunnegan (WD9316)
wd@dunnegan.com
Laura Scileppi (LS0114)
ls@dunnegan.com
Attorneys for Plaintiff
  Mattel, Inc.
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 332-8300